EASTERN DIST.
*March*, 1840.

BRUMFIELD
*vs.*
MORTEE'S AD-
MINISTRATRIX.

---

### BRUMFIELD *vs.* MORTEE'S ADMINISTRATRIX.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF
ST. TAMMANY.

The court should carry into effect the meaning of the parties, by correcting an error of calculation, apparent on the face of the papers.

Where judgment by consent was entered up for one thousand dollars less than the amount of the notes sued on, this court altered the judgment to the true sum, and when it was not specified or asked for in the petition, but appeared from the notes annexed.

This case is brought up on an appeal by the plaintiff to have the judgment below corrected, and the true sum allowed.

The case is fully explained and the facts stated, in the opinion of this court, which follows :

*Hennen*, for the plaintiff.

*Penn*, contra.

EASTERN DIST.
*March*, 1840.

BRUMFIELD
*vs.*
MORTEE'S AD-
MINISTRATRIX.

*Morphy, J.*, delivered the opinion of the court.

This suit was instituted to recover two notes, one for three thousand seven hundred and twenty dollars, the other for one thousand three hundred and twenty-five dollars, making together a sum of five thousand and forty-five dollars ; the two notes are correctly described in the petition, but the prayer is, "that judgment may be rendered for the amount of said two notes, to wit, four thousand and forty-five dollars," instead of five thousand and forty-five dollars, their real amount. This error is also to be found in the body of plaintiff's petition, but reference is made to the two notes and instruments of protest annexed to it. Defendant set up divers matters in defence, tending to show that the plaintiff was not the real owner of the notes, and that there had been a failure of consideration.

On the day of trial, an agreement was entered into in the following words and figures.

"PROBATE COURT, PARISH OF ST. TAMMANY, LOUISIANA.

"*Nathaniel Brumfield*
*vs.*
"*Peter Mortee's Estate.*

"*The Same*
*vs.*
"*The Same.*

"It is agreed by the parties in these cases, that a judgment shall be rendered by the court for the amount claimed in plaintiff's petition, with interest and costs of suit, with a stay of execution until the first Monday of April next.

(Signed)      "J. J. MORTEE and PENN,
"Attorneys for Defendants.

"ALFRED HENNEN,
"Attorney for Plaintiff."

On the same day, to wit, on the 13th of August last, this consent was filed in court by the defendant's counsel, and a judgment immediately drawn up and entered for four thousand and forty-five dollars only. This being discovered a few moments after by the plaintiff's counsel, he moved the court

EASTERN DIST.
March, 1840.

BRUMFIELD
vs.
MORTEE'S AD-
MINISTRATRIX.

to correct the figure four thousand and forty-five dollars in the prayer of the petition, by inserting five thousand and forty-five dollars, the real amount of the two notes sued on. This the court refused to do on the ground that the consent rule had been handed in and filed by the defendant's counsel. Various efforts in different shapes were made by the plaintiff's counsel, to obtain relief from the effects of this palpable error, and the surprise of which he alleged to have been the victim. Those efforts and their want of success, appear from several bills of exceptions and affidavits to be found in the record.

We will take it for granted that no surprise was originally intended. Nothing absolutely compels us to entertain a different opinion, although we think that when discovered, this error should have been corrected without rendering the interposition of this court necessary.

It is evident from the wording of this consent, that both parties were under the impression that a suit had been brought on each note, and that judgment was to be entered in both cases for the amount claimed in each petition, to wit: the amount of each note. Instead of that, the two notes had been sued on in the same petition; but this error of fact under which both parties were laboring, could not affect the substance of their agreement. It appears to us that no specific sum being mentioned in this consent, the court below could and should have carried into effect the apparent, and, we believe, the true meaning and understanding of these parties, by correcting an error of calculation apparent on the face of the petition and from the notes annexed to it for reference. We cannot sanction a proceeding by which the just rights of a party would be defeated. No one has stood up in this court to sustain this judgment, nor is it pretended that to obtain it, plaintiff consented to lose a thousand dollars on his debt, in addition to a stay of execution of eight months.

It is, therefore, ordered, that the judgment of the court below be reversed, and that plaintiff recover of the defendant, Ann Mortee, in her capacity of administratrix of the estate

of Peter Mortee, five thousand and forty-five dollars, with
legal interest from the 19th of January, 1838, until paid,
with seven dollars costs of protest, and costs in both courts,
and that defendant have a stay of execution until the first
Monday in April next.