STATE OF NORTH DAKOTA EX REL. LEMKE, ATTORNEY GENERAL, *v.* CHICAGO & NORTH-WESTERN RAILWAY COMPANY ET AL.

IN EQUITY.

No. 25, Original.   Argued on motion to dismiss January 5, 1922. Decided January 23, 1922.

1. Section 211 of the Judicial Code, requiring that the United States be made a party to any suit to set aside or suspend an order of the

Interstate Commerce Commission, and § 208, requiring that such suits be brought in a District Court, were not repealed by the Act abolishing the Commerce Court, October 22, 1913, c. 32, 38 Stat. 219. P. 489.

2. The provision that the United States shall be a party (Jud. Code, § 211) was made not as a mere matter of procedure but in protection of the public interests. P. 490.

3. A State can sue in the District Court when the United States is a party and has consented to be sued there and has not expressed its consent to be sued elsewhere. P. 491.

4. A bill brought by a State in this court against railroad companies to prevent their applying an order of the Interstate Commerce Commission increasing rates within the State, *dismissed* for want of equity, and the plaintiff remitted to its remedy in the District Court, upon the grounds that complete justice to the companies, and to the public policy indicated by Jud. Code, § 211, so required. P. 490.

Bill dismissed.

ORIGINAL suit in this court against the above named and four other railroad companies, to restrain them from applying an order of the Interstate Commerce Commission increasing intrastate rates in North Dakota until this court can review the decision of the Commission and pass upon constitutional questions concerning it.

*Mr. Charles W. Bunn,* with whom *Mr. Erasmus C. Lindley, Mr. Dennis F. Lyons* and *Mr. Benjamin W. Scandrett* were on the brief, for defendants, in support of the motion to dismiss.

*Mr. Karl Knox Gartner,* with whom *Mr. William Lemke,* Attorney General of the State of North Dakota, was on the brief, for complainant, in opposition to the motion. *Mr. Sveinbjorn Johnson,* successor of *Mr. Lemke* as Attorney General, was on a supplemental brief filed after argument.

Neither the United States nor the Interstate Commerce Commission is a necessary party to this suit, as no remedy is sought against either.

A procedure prescribed for application in the District Courts can have no application to procedure to be observed in this court in the filing of an original bill authorized by the Constitution. There is nothing in *Illinois Central R. R. Co.* v. *State Public Utilities Commission,* 245 U. S. 493, or in any other decision of this court, or in § 208 or in any other provision of the Judicial Code, or any other law of Congress, that provides that the United States is a necessary party to a suit by a State against citizens of another State brought originally in this court, even though such suit might involve the nullification indirectly of an order of the Interstate Commerce Commission. See *Ames* v. *Kansas,* 111 U. S. 449; *United States* v. *Louisiana,* 123 U. S. 32; *Minnesota* v. *Northern Securities Co.,* 184 U. S. 199; *Minnesota* v. *Hitchcock,* 185 U. S. 373; *Skinner & Eddy Corporation* v. *United States,* 249 U. S. 557.

Section 208, Jud. Code, has been repealed by the District Court Jurisdiction Act of October 22, 1913, 38 Stat. 219, passed as a part of the general deficiency bill of that date.

It is uncertain under the wording of Art. III, § 2, of the Constitution whether the original jurisdiction of this court to try suits by a State against citizens of another State or States is exclusive. *Ames* v. *Kansas,* 111 U. S. 449, 464. Cf. *United States* v. *Louisiana,* 123 U. S. 32. At the most, the District Court Jurisdiction Act created a jurisdiction in the District Courts which, as respects suits by a State against citizens of other States, is simply concurrent with the original jurisdiction of this court under Art. III, § 2. Can that act—an act of Congress—providing that cases in the District Courts which but for its provisions would be brought against the Interstate Commerce Commission, shall thereafter be brought against the United States, be so interpreted by this court' as constituting the United States a necessary party to this suit

in the sense in which that term is defined in *Minnesota* v. *Northern Securities Co.,* 184 U. S. 236? Can an act of Congress intended to operate solely as a matter of procedure to be observed in District Courts be interpreted so as to operate to defeat a jurisdiction vested by the Constitution in the sovereign States of the nation to bring their controversies with citizens of other States originally in this court? Would not such an interpretation render the act itself unconstitutional?

For reasons of comity between the state and federal sovereignties, as a matter of judicial policy, any doubt as to the matter should be resolved in favor of the right of the State to proceed originally in this court. *Ames* v. *Kansas, supra.*

*Mr. Solicitor General Beck* and *Mr. Blackburn Esterline,* Special Assistant to the Attorney General, by leave of court, filed a brief on behalf of the United States, as *amici curiae.*

Mr. Justice Holmes delivered the opinion of the court.

This is a bill in equity brought in this Court by the State of North Dakota against certain named railroad companies to prevent their applying an order of the Interstate Commerce Commission until this Court can review the decision upon which that order was made. The order increased the intrastate rates in North Dakota upon a finding that the present rates were an unjust discrimination against interstate commerce within the meaning of paragraph 4 of § 13 of the Act to Regulate Commerce as amended by the Transportation Act of February 28, 1920, c. 91, Title IV, § 416, 41 Stat. 456, 484. *North Dakota Rates, Fares and Charges,* 61 I. C. C. 504. *Increased Rates, 1920,* 58 I. C. C. 220. The ground of the bill is that the increase if applied will make the jobbing business within the State unable to compete with the

jobbers of Minnesota, and that the order of the Interstate Commerce Commission is invalid (1) because based upon an increase in interstate rates that the Commission ordered without complying with the conditions said to be imposed by §§ 15a and 19a of the Interstate Commerce Act (a physical valuation;) (2) and because based upon a misconstruction of the above mentioned § 13(4). It is not necessary to state the objections more at length.

The defendants move to dismiss the bill. The first reason offered is that a State cannot sue on account of the private grievances of its citizens. By an amendment the State alleged a property interest in itself but that amendment did not cover the extent of the relief asked, and the case is argued on the broad ground originally taken. We shall leave this question on one side, without deciding whether this case can be distinguished from *Oklahoma* v. *Atchison, Topeka & Santa Fe Ry. Co.*, 220 U. S. 277, 286, *et seq.* The argument that we shall consider is that the suit is one to set aside or suspend the order of the Commission, *Illinois Central R. R. Co.* v. *State Public Utilities Commission*, 245 U. S. 493; that therefore by § 211 of the Judicial Code the United States must be made a party, and that the United States has consented to be sued only in the District Court, where such suits are required to be brought. Judicial Code, § 208. Act of October 22, 1913, c. 32, 38 Stat. 219.

The State replies in the first place that the sections of the Judicial Code relied upon relate to the establishment of the Commerce Court and therefore are repealed in terms by the Act of October 22, 1913, just referred to. But that argument cannot be maintained. A provision that all suits of a certain sort shall be brought in the Commerce Court is only modified, not repealed, by the abolition of the Court and the transfer of its jurisdiction to the District Courts. Such a statute does not relate merely to the establishment of the Commerce Court. The

sections cited always have been assumed, we believe, to remain in force and they were made a basis of decision in *Illinois Central R. R. Co.* v. *State Public Utilities Commission,* 245 U. S. 493, 504.

The main contention of the State is that if in the opinion of the Court it has a substantial right that is infringed by what the defendants are doing Congress neither can take that right away nor prevent the State from proceeding in this Court for such remedy as law or equity may afford. But if these premises were granted, it would not follow that the bill should be maintained. It is a proceeding in equity in which the requirements of complete justice and of public policy must be taken into account. When they are considered it seems to us pretty clear that the State should be remitted to the remedy offered by the statutes—a suit in the District Court in which the United States is made a party. Complete justice requires that the railroads should not be subjected to the risk of two irreconcilable commands—that of the Interstate Commerce Commission enforced by a decree on the one side and that of this Court on the other. The decision in this case although an authority would not be *res judicata,* and the Commission would not be concluded from rearguing the whole matter. As to public policy, Congress has indicated the policy of the United States. For although it is argued that the requirement that the United States should be made a party is a mere matter of procedure for the purpose of giving the Department of Justice control, we cannot limit the significance of the Judicial Code, § 211, by such a speculation. The language of the section shows that public interests were before the mind of Congress, and that in its opinion an order made in the public interest should not be hindered from going into effect until the representative of the public had been heard. It appears to us that this view is so reasonable that it should be accepted by this Court even if not bound.

There is no doubt that a State can sue in the District Court when the United States is a party and has consented to be sued there and has not expressed its consent to be sued elsewhere. *United States* v. *Louisiana,* 123 U. S. 32. *Ames* v. *Kansas,* 111 U. S. 449. For the reasons that we have indicated it is equitable that a decree should not be entered except in such form as to bind the Interstate Commerce Commission and the United States and therefore this bill must be dismissed. The right of the State is sufficiently protected by its right to appeal from the decision of the District Court. *Cohens* v. *Virginia,* 6 Wheat. 264, 395, *et seq.*

*Bill dismissed.*