**STATE OF LOUISIANA ex rel. SAINT, Atty. Gen., v. MORGAN'S LOUISIANA & T. R. & S. S. CO. SAME v. FRANKLIN & A. RY. CO. SAME v. LAKE CHARLES & N. R. CO.**

District Court, E. D. Louisiana, New Orleans Division. March 7, 1927.

Nos. 18644–18646.

**STATE OF LOUISIANA ex rel. SAINT, Atty. Gen., v. LOUISIANA WESTERN R. CO.**

District Court, W. D. Louisiana, Lake Charles Division. March 7, 1927.

No. 280.

**1. Pleading ⬅310—Documents and exhibits, annexed to and forming part of complaint, must be considered same as formal allegations thereof.**

In construing a pleading, documents and exhibits annexed thereto and forming part thereof must be considered the same as the formal allegations of the complaint.

**2. Injunction ⬅136(1)—Injunction will not issue preliminarily and ex parte to undo what has been done.**

A writ of injunction will not issue preliminarily and ex parte to undo that which has already been done, but is available to prevent threatened injury.

**3. Removal of causes ⬅19(5)—State's suits to enjoin domestic railroads leasing lines to foreign corporation, which applied to Interstate Commerce Commission for authority to make leases, held removable to federal court (Act La. No. 74 of 1902, § 8; U. S. C. tit. 28, § 41, subd. 28 [Jud. Code, § 207, par. 2, as amended]; Interstate Commerce Act, § 5, pars. 2, 8 [U. S. C. tit. 49, § 5]).**

Suits in state courts to enjoin domestic railroad corporations from leasing their lines to foreign corporations because of possible violation of Act La. No. 74 of 1902, § 8, commenced by state after application to Interstate Commerce Commission for authority to make leases was made, *held* to involve controversy under laws of United States, removable to federal District Court under U. S. C. tit. 28, § 41, subd. 28 (Jud. Code, § 207, par. 2, as amended), and Interstate Commerce Act, § 5, pars. 2, 8 (U. S. C. tit. 49, § 5), where leases were not to be effective until approved by Commission, notwithstanding state is not a citizen, as respects removal for diversity of citizenship.

**4. Commerce ⬅92—Federal court has jurisdiction to review Interstate Commerce Commission's order authorizing leasing of railroads, though order is permissive, United States being necessary party (U. S. C. tit. 28, § 41, subd. 28 [Jud. Code, § 207, par. 2, as amended]).**

Injunction of state court restraining domestic railroad corporations from leasing their lines to a foreign corporation conflicts with order of Interstate Commerce Commission authorizing such leases, even if order authorizing leases is permissive only, and not mandatory, and involves power of Commission and legality of its order, determination of which is vested in federal courts, and in which United States is necessary party, under U. S. C. tit. 28, § 41, subd. 28 (Jud. Code, § 207, par. 2, as amended).

**5. Commerce ⬅89(1)—Until Interstate Commerce Commission acts on application for permission to lease interstate railroads, courts cannot determine issues (Interstate Commerce Act, § 5, pars. 2, 8; Transportation Act 1920, §§ 407, 408 [U. S. C. tit. 49, § 5]).**

Under Interstate Commerce Act, § 5, pars. 2, 8, and Transportation Act 1920, §§ 407, 408 (U. S. C. tit. 49, § 5), Interstate Commerce Commission alone has power preliminarily to authorize leases of railroad lines between railroads engaged in interstate commerce, and, until it has acted on application for such a lease, courts are without jurisdiction to determine the issues thus presented to Commission.

**6. Courts ⬅274(16)—Suits to review Interstate Commerce Commission's order, authorizing Louisiana railroads to lease lines to foreign corporation on latter's petition, must be brought in district of latter's domicile (U. S. C. tit. 28, § 43 [Comp. St. § 994]).**

Under Act Oct. 22, 1913 (U. S. C. tit. 28, § 43 [Comp. St. § 994]), suits to review order of Interstate Commerce Commission authorizing Louisiana railroad corporations to lease their lines to Texas corporation, made on petition of Texas corporation domiciled in Southern district of Texas, must be brought in the federal District Court in district in which Texas railroad resides, and neither state nor federal courts in Louisiana have jurisdiction.

In Equity. Separate suits by the State of Louisiana, on the relation of Percy Saint, Attorney General, against the Morgan's Louisiana & Texas Railroad & Steamship Company against the Franklin & Abbeville Railway Company, against the Lake Charles & Northern Railroad Company, and against the Louisiana Western Railroad Company. On defendants' motion to dismiss. Motion granted.

Percy Saint, Atty. Gen., Michael M. Irwin, Asst. Atty. Gen., and Francis Williams, Sp. Counsel, of New Orleans, La., for complainant.

Baker, Botts, Parker & Garwood and J. H. Tallichet, all of Houston, Tex., Henry H. Chaffe, of New Orleans, La., and Pujo, Bell & Hardin, of Lake Charles, La., for respondents.

DAWKINS, District Judge. These are companion suits, brought by the Attorney General, on behalf of the state of Louisiana, in the courts of the state, seeking to enjoin the several defendants, railroad companies (Louisiana corporations), from leasing their lines to the Texas & New Orleans Railroad Company, a corporation under the laws of Texas. The grounds for injunctive relief are that the leases, copies of which are attached to the petitions, "do not provide and do not bind and oblige the Texas & New Orleans Railroad Company to maintain a domicile and main offices, for the Louisiana railroads to be leased under the aforesaid proposed lease, in the state of Louisiana"; that Act No. 74 of the General Assembly of the state of Louisiana for the year 1902, especially section 8, requires railroad companies availing themselves of the right to do business therein to maintain such offices within the state; that the president and auditor of the Texas & New Orleans Railroad Company had, at a hearing held before an assistant director of finance of the Interstate Commerce Commission, on November 26, 1926, admitted that it was the intention of the said proposed lessee to abolish the accounting department, "which now forms the major part of the general offices" within the state; that said general offices are necessary for the efficient and proper handling of the public's business by the Louisiana railroads sought to be leased, and that their removal to a point without the state would be not only a violation of said statute, but would also work great inconvenience and loss of time and money to the public of Louisiana, which uses these railroads, thereby working irreparable injury.

There are quoted in the petitions resolutions by the boards of directors of the several companies, authorizing their proper officers to execute the leases, "subject to the approval and authorization of the Interstate Commerce Commission." Petitioner also attaches to his bills of complaint, as Exhibit A, copy of an application by the Texas & New Orleans Railroad Company to the Interstate Commerce Commission for authority to lease said roads, together with other lines in the state of Texas. In said application is set out the form of lease to be executed, and which the applicant was seeking to have the Commission approve. Nothing is said in the lease about abandoning any offices within the state of Louisiana, but, the tenth and concluding paragraph reads:

"This lease shall become effective on the 1st day of the month following the effective date of the order of the Interstate Commerce Commission approving the same, and shall continue in effect for one year and thereafter until terminated by thirty (30) days' notice in writing served by any or all of the lessors on the lessee, or by the lessee on any or all of the lessors."

What has been recited above is sufficient to show that the petitions and exhibits on their faces disclose that application for authority to make the leases had been made to the Interstate Commerce Commission. Their ultimate consummation depended upon the approval of that body. In other words, the contracts which the Attorney General seeks to enjoin would not be made, except upon the authority and order of the Commission.

The Attorney General has moved to remand the cases to the state courts upon the ground that this court is without jurisdiction; the contention being that there is no diversity of citizenship and that no issues exist involving a law or the Constitution of the United States. It is conceded that the state is not a citizen, within the meaning of the Constitution with respect to diversity of citizenship, and that the question of whether there is an issue arising under the Constitution or the laws of the United States must be determined upon the case presented by the petition or bill of complaint. It is well to note that the complainant does not seek to enjoin the removal of the offices alleged to be prohibited by the state statute, but asks that the execution of the leases in their entirety be restrained.

[1] Of course, in construing a pleading, documents and exhibits annexed thereto and forming part thereof must be considered the same as the formal allegations of the complaint (Lewy v. Wilkinson, 135 La. 105, 64 So. 1003; Vincent v. Frelich, 50 La. Ann. 378, 23 So. 373, 69 Am. St. Rep. 436; Brumfield v. Mortee, 15 La. 116; Hall v. Ewing, 140 La. 907, 74 So. 190), and in doing so we find that the leases in question will not become effective unless and until the Interstate Commerce Commission has given its approval. The effect of the injunction issued in the state court and the ultimate determination of the right to make the leases will necessarily involve an interpretation of the order or ruling of the Commission.

It is contended by the defendants that

the filing of the suits in the state courts was in anticipation of action by the Interstate Commerce Commission authorizing the leases. It was also stated in oral argument, and not denied, that the Commission had (on December 28, 1926) since granted the requisite authority. The complaint does show plainly that the application to the Commission was pending at the time of filing the suits, and that a hearing thereon had been held before one of its representatives, in which certain executive officers of the proposed lessee had admitted their intention to remove the general accounting offices from the state, if authority to make the leases should be granted. The effect, therefore, of the writ was "to enjoin * * * or suspend" an "order of the Interstate Commerce Commission" by anticipation as effectively as if it had already been entered, for, until the requisite authority was granted, the complaint shows that no lease would be made, and hence no necessity for the injunction.

[2] It is well settled that a writ of injunction will not issue, preliminarily and ex parte, to undo that which has already been done, but is available to prevent threatened injury. Here the threatened injury did not exist, except when based upon the authority of an order of the Commission.

[3] Subdivision 28 of section 41 of title 28 of the U. S. Code (Jud. Code § 207, par. 2 as amended), conferring jurisdiction upon federal District Courts, reads as follows:

"(28) *Setting Aside Order of Interstate Commerce Commission.*—Twenty-Eight. Of cases brought to enjoin, set aside, annul, or suspend in whole or in part any order of the Interstate Commerce Commission. (June 18, 1910, c. 309, sec. 1, 36 Stat. 539; March 3, 1911, c. 231, sec. 207, 36 Stat. 1148; Oct. 22, 1913, c. 32, 38 Stat. 219.)"

It is thus seen that the District Courts of the United States are given jurisdiction to hear all cases in which an order of the Interstate Commerce Commission is sought to be enjoined, set aside, annulled, or suspended in whole or in part. Therefore, upon the showing disclosed by the complaint and exhibits, this action could have been brought in a federal court originally, notwithstanding the fact that the state is not a citizen, within the meaning of the Constitution as to diversity of citizenship, and the defendants are citizens of said state. North Dakota v. C. & N. W. Ry. Co., 257 U. S. 485, 42 S. Ct. 170, 66 L. Ed. 329; State of Texas v. Interstate Commerce Commission, 258 U. S. 158–165, 42 S. Ct. 261, 66 L. Ed. 531.

[4, 5] It is argued on behalf of the complainant that, even if the leases should be authorized, the order would be permissive only, and not mandatory. Nevertheless there would exist a conflict between the order of the Commission and the writs of the state courts involving a matter, to wit, the power of the Commission and legality of its order, the determination of which is vested in the federal courts, and in which the United States is a necessary party. Act June 18, 1910, c. 309, § 3, 36 Stat. 542, and amendments, supra (U. S. C. tit. 28, § 46); Chicago Junction Case, 264 U. S. 263, 44 S. Ct. 317, 68 L. Ed. 667. The Interstate Commerce Commission alone is vested by Interstate Commerce Act, § 5, par. 2 and 8 (U. S. C. tit. 49, § 5), with the power preliminarily to authorize such leases between railroads engaged in interstate commerce. Until it has acted the courts are without jurisdiction to determine the issues thus presented to the Commission. Transportation Act of 1920, 41 Stat. 456 et seq., §§ 407, 408 (U. S. C. tit. 49, § 5); Lambert Run Coal Co. v. B. & O. Ry. Co., 258 U. S. 377–383, 42 S. Ct. 349, 66 L. Ed. 671.

For the reasons above given, we think the cases as presented by the complainant in the state courts involve controversies arising "under the laws of the United States," and were properly removed.

### On Motion to Dismiss.

[6] Defendants have moved to dismiss the several cases upon the following grounds, to wit: That the state courts and this court are without jurisdiction to hear the matters complained of, and that the District Court of the United States for the Southern District of Texas is the only one having the venue to hear and decide the matters at issue; and, secondly, that the United States is a necessary party. Section 43 of title 28 of the United States Code (Act Oct. 22, 1913, c. 32, 38 Stat. 219 [Comp. St. § 994]), reads as follows:

"*Venue of Suits Relating to Orders of Interstate Commerce Commission.* The venue of any suit brought to enforce, suspend, or set aside, in whole or in part, any order of the Interstate Commerce Commission shall be in the judicial district wherein is the residence of the party or any of the parties upon whose petition the order was made, except that where the order does not relate to transportation or is not made upon the petition of any party the venue shall be in the

district where the matter complained of in the petition before the Commission arises, and except that where the order does not relate either to transportation or to a matter so complained of before the Commission the matter covered by the order shall be deemed to arise in the district where one of the petitioners in court has either its principal office or its principal operating office. In case such transportation relates to a through shipment the term 'destination' shall be construed as meaning final destination of such shipment. (Oct. 22, 1913, c. 32, 38 Stat. 219.)"

It is clear from the complaint that the order of the Commission, which was sought to be enjoined and which the motion to dismiss alleges has since been entered (December 28, 1926), was upon the petition of the Texas & New Orleans Railroad Company, a Texas corporation, domiciled in the Southern district of that state, and under the section of the law just quoted must be brought in a District Court of the United States "wherein is the [its] residence." Hence neither the state courts nor the federal courts in Louisiana have any jurisdiction to decide the issues raised by the bills of complaint, and, as pointed out above, the United States is a necessary party. State of Texas v. Interstate Commerce Commission and Railroad Labor Board, 258 U. S. 158–165, 42 S. Ct. 261, 66 L. Ed. 531.

For the reasons herein assigned, the suits should be dismissed. Proper decree may be presented.