## SOUTHERN PAC. CO. v. CITY OF WILLOW GLEN. *

### No. 6282.

Circuit Court of Appeals, Ninth Circuit.

May 8, 1931.

Louis Oneal, of San Jose, Cal., and Frank C. Cleary and E. J. Foulds, both of San Francisco, Cal. (Guy V. Shoup, of San Francisco, Cal., of counsel), for appellant.

L. D. Bohnett, of San Jose, Cal., for appellee.

Before RUDKIN, WILBUR, and SAW-TELLE, Circuit Judges.

WILBUR, Circuit Judge.

This is an appeal from the decree enjoining the appellant from proceeding with the construction of a double-track railway "or operating thereon any railroad" upon its land within the city of Willow Glen, a municipal corporation of Santa Clara, Cal., unless and until said appellant obtains from the city council of the city of Willow Glen by two-thirds vote thereof the grant of the right to so use said land. The action is predicated upon section 470 of the Civil Code of the state of California, which provides as follows: "No railroad corporation must use any street, alley, or highway, or any of the land or water, within any incorporated city or town, unless the right to so use the same is granted by a two-third vote of the town or city authority from which the right must emanate."

The action was brought in the superior court of the state of California in and for the county of Santa Clara and was removed to the United States District Court for the Northern District of California because of diversity of citizenship; the appellant being a corporation organized under the laws of the state of Kentucky. After removal the appellant answered the complaint admitting all the allegations thereof except the allegation that it was proceeding without lawful authority, and the allegation that irreparable injury would result from the proposed construction and operation. Appellant also set up affirmatively its alleged rights as an interstate commerce carrier acting under an authorization of the Interstate Commerce Commission to construct and operate the railroad in question. A motion was made by the plaintiff to strike out all these affirmative allegations of the answer and for judgment on the pleadings. The court, on May 31, 1930, granted the motion to strike and for judgment in favor of the plaintiff on the pleadings. The judgment enjoining the appellant was entered on July 18th. In view of the fact that the motion to strike was granted upon the ground that the affirmative allegations of the answer, if true, were immaterial, and there seems to be no question as to the truth thereof, we will assume them to be true, as did the parties and the court below. In the court below plaintiff contended that the appellant had no right to build a railroad through the city of Willow Glen without express authority thereto granted by the action of the city council of said city by two-thirds vote, although duly authorized so to do by the Interstate Commerce Commission. It appears from the allegations of the answer that the appellant has leased and is operating a railroad constructed by the Southern Pacific Company through the states

of California, Arizona, and New Mexico, including a railroad extending from San Francisco via the city of San Jose, Santa Clara county, to Los Angeles, in California, and into and through the states of Arizona and New Mexico. This railroad is operated across and along certain streets in the city of San Jose, Santa Clara county, Cal., and the franchise for the use of said streets has expired. Appellant applied to the Interstate Commerce Commission for authority to obtain a portion of its railway in the city of San Jose and to shift the location of its main tracks approximately one mile westerly of the present location to traverse certain agricultural lands owned in fee by the appellant in the extreme southeasterly corner of the city of Willow Glen. Such location crosses no street or public property within the city of Willow Glen. The cost of the relocation of the lines will be approximately $3,000,000. The line in San Jose to be abandoned is about 1.12 miles long and the new mileage to be constructed is about 5.64. The segment of the line proposed to be abandoned was constructed in 1868 and 1869 and has been used continuously since March, 1869, for the movement of all classes of traffic. It is on Fourth street in San Jose, Cal., and is a part of the main coast line between San Francisco and Los Angeles, Cal. After due notice the Interstate Commerce Commission issued a certificate of public convenience and necessity for the construction by the applicants of the proposed new line of railroad and the abandonment of that portion of the railroad above mentioned. In pursuance of said authorization a material part of the cost of such changes has already been expended. The construction and operation of said line of railroad within the corporate limits of the city of Willow Glen is necessary to avoid interruption of the service to the public rendered by said railroad in state and interstate commerce. The certificate and order of the Interstate Commerce Commission provides for the commencement of the construction of the proposed new line of railroad on or before July 1, 1929, and its completion on or before June 30, 1931. The Transportation Act of 1920, § 402, amending the Interstate Commerce Act, § 1, provides, paragraph 20 (49 USCA c. 1, § 1; par. 20): " * * * From and after issuance of such certificate, and not before, the carrier by railroad may, without securing approval other than such certificate, comply with the terms and conditions contained in or attached to the issuance of such certificate and proceed with the construction, operation, or abandonment covered thereby."

The injunction prohibits the appellant from constructing the railroad as authorized by the Interstate Commerce Commission at any time unless the consent of the city council of the city of Willow Glen be first secured. Appellant, during the pendency of the action, made an application to the city of Willow Glen for permission to build its railroad in accordance with the terms of the certificate of convenience by the Interstate Commerce Commission through the city, but such request was refused.

At the threshold of the case appellant contends that jurisdiction of an action to enjoin the construction of the railroad tracks in accordance with the terms and provisions of the order of the Interstate Commerce Commission is in the United States District Court, and that such jurisdiction cannot be exercised by the state courts nor by the federal courts in an action removed therefrom by reason of a diversity of citizenship. This contention is based upon 28 USCA § 46: "Suits to enjoin, set aside, annul, or suspend any order of the Interstate Commerce Commission shall be brought in the district court against the United States."

This question has been frequently considered by the courts. The Supreme Court of Illinois, in People v. Ill. Cent. R. Co., 324 Ill. 591, 155 N. E. 841, 51 A. L. R. 1236, decided February 16, 1927, dealt with a similar case wherein the Southern Illinois & Kentucky Railroad Company (an interstate carrier) had been granted a certificate of convenience by the Interstate Commerce Commission, among other things, to construct a railroad extending from Edgewood to Metropolis paralleling the lines of the Illinois Central Railroad Company within thirty miles thereof. In that case it was claimed that the railroad was being constructed between Edgewood and Metropolis without an application to the Illinois Commerce Commission in violation of the laws of the state of Illinois with reference to the construction and ownership of parallel and competing lines. It was contended by the plaintiff therein that the bill to enjoin the construction of such new line "was not in effect a bill to enjoin, set aside, annul and suspend the orders of the Interstate Commerce Commission, but that it is merely a proceeding to enjoin the appellees from doing certain things which are not permitted by their charters and which are in violation of the constitutional laws of this state, and that despite the issuance of such an injunction the order of the commission will be unaffected." It was held by the

Supreme Court of Illinois that the action was essentially one to enjoin the doing of the very thing permitted and authorized by the Interstate Commerce Commission and that exclusive jurisdiction of such an action had been vested by Congress in the United States District Court. In a later case the Supreme Court of Illinois (St. Louis Connecting R. Co. v. Blumberg, 325 Ill. 387, 156 N. E. 298, 302) again had occasion to consider the right of a railroad company to construct a line of railway in pursuance of authority thereto by the Interstate Commerce Commission. The question arose in an action brought by the railroad company to condemn lands for the right of way of the line so authorized. The trial court held that the proposed use was a private and not a public use and upon that ground dismissed the case. In a decision reversing the lower court, the Supreme Court of Illinois, speaking through Justice Heard, said:

"If the right of way here sought to be condemned were for the use of an intrastate railway, then a different question might arise as to appellant's right to invoke the sovereign power, as such railways are subject to the Illinois Commerce Commission, while interstate railways are expressly exempted from its control by paragraph 109 of chapter 111a of Callaghan's Statutes.

"Neither can this court hold that the use for which the land sought to be taken is to be subjected is a private and not a public use. The Interstate Commerce Commission has specifically found that public necessity and convenience require the building of appellant's road on this location. Under the decisions of the Supreme Court of the United States a state court is without jurisdiction to set aside, modify, or nullify the finding and order of the Interstate Commerce Commission; such jurisdiction being vested solely in the federal courts. Judicial Code, §§ 208, 211 (U. S. Comp. St. §§ 997, 1004); chapter 32, 38 Stat. L. 219; Ill. Cent. R. R. Co. v. State Public Utilities Com., 245 U. S. 493, 38 S. Ct. 170, 62 L. Ed. 425; North Dakota v. C. & N. W. Ry. Co., 257 U. S. 485, 42 S. Ct. 170, 66 L. Ed. 329; Texas v. I. C. C., 258 U. S. 158, 42 S. Ct. 261, 66 L. Ed. 531; Lambert Run Coal Co. v. B. & O. R. R. Co., 258 U. S. 377, 42 S. Ct. 349, 66 L. Ed. 671; Robinson v. Anderson, 121 U. S. 522, 7 S. Ct. 1011, 30 L. Ed. 1021; Excelsior Wooden Pipe Co. v. Pac. Bridge Co., 185 U. S. 282, 22 S. Ct. 681, 46 L. Ed. 910; Devine v. Los Angeles, 202 U. S. 313, 26 S. Ct. 652, 50 L. Ed. 1046; Venner v. Mich. Cent. R. Co., 271 U. S. 127, 46

S. Ct. 444, 70 L. Ed. 868; State of Colorado v. U. S., 271 U. S. 153, 46 S. Ct. 452, 70 L. Ed. 878.

"The action of the county court in dismissing appellant's petition in effect annulled and set aside the orders and certificate of necessity and convenience of the Interstate Commerce Commission. This it did not have jurisdiction to do."

The Supreme Court of the United States, in a recent decision upon an appeal from the United States District Court of Colorado, had occasion to consider a somewhat similar order of the Interstate Commerce Commission. The commission had authorized the abandonment of a branch line of railway operated by the Colorado & Southern Railway Company, an interstate carrier. It was held that the order of the Interstate Commerce Commission authorizing such abandonment was an exercise of its power over interstate commerce vested in it by Congress; that Congress had power to authorize the abandonment of a portion of the lines of an interstate carrier, notwithstanding the fact that intrastate commerce was carried on such lines; and that Congress had power to assume paramount control and "may determine to what extent and in what manner intrastate service must be subordinated in order that interstate service may be adequately rendered. The power to make the determination inheres in the United States as an incident of its power over interstate commerce. The making of this determination involves an exercise of judgment upon the facts of the particular case. The authority to find the facts and to exercise thereon the judgment whether abandonment is consistent with public convenience and necessity, Congress conferred upon the Commission." Colorado v. U. S., 271 U. S. 153, 166, 46 S. Ct. 452, 455, 70 L. Ed. 878.

The case of Lambert, etc., Co. v. B. & O. R. R. Co., 258 U. S. 377, 42 S. Ct. 349, 350, 66 L. Ed. 671, involved the question of jurisdiction of an action affecting a rule adopted by the Interstate Commerce Commission relating to the furnishing of coal cars. The action was brought in the circuit court of Marion county, W. Va., to restrain the defendant railroad company from violating paragraph 12 of section 1 of an act to regulate commerce (Act of Feb. 28, 1920, c. 91, § 402, 41 Stat. 456, 476 [49 USCA § 1, par. 12]). The case was removed to the United States District Court for the Northern District of West Virginia. The District Court issued an interlocutory injunction which was reversed on appeal to the Circuit Court of Appeals (267 F.

776). The Supreme Court held that the bill should have been dismissed for lack of jurisdiction. The court there stated, opinion by Justice Brandeis:

"The decree of the District Court was properly reversed; but we are of opinion that the Circuit Court of Appeals had no occasion to pass upon the merits of the controversy and that the direction should have been to dismiss the bill for want of jurisdiction and without prejudice. The rule of the railroad here complained of was that prescribed by the Commission. To that rule the railroad was bound to conform unless relieved by the Commission or enjoined from complying with it by decree of a court having jurisdiction. By this suit such a decree was in effect sought. The appellate court was therefore correct in holding that in such a suit an injunction of the District Court could be granted only by three judges.

"But there are in addition two fundamental objections to the jurisdiction: First, the United States, an indispensable party to suits to restrain or set aside orders of the Commission, was not joined, and could not be, for it has not consented to be sued in state courts. Secondly, such suits are required to be brought in a federal District Court. Judicial Code, §§ 208, 211 [28 USCA §§ 46, 48], Act of Oct. 22, 1913, c. 32, 38 Stat. 208, 219; Illinois Cent. R. R. Co. v. State Public Utilities Comm., 245 U. S. 493, 504, 38 S. Ct. 170, 62 L. Ed. 425; North Dakota v. C. & N. W. Ry. Co., 257 U. S. 485, 42 S. Ct. 170, 66 L. Ed. 329; Texas v. I. C. C., 258 U. S. 158, 42 S. Ct. 261, 66 L. Ed. 531. The fact that this was a suit to set aside an order of the Commission did not appear on the face of the bill; but it became apparent as soon as the motion to dismiss was filed. Jurisdiction cannot be effectively acquired by concealing for a time the facts which conclusively establish that it does not exist. As the state court was without jurisdiction over either the subject-matter or the United States, the District Court could not acquire jurisdiction over them by the removal. The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction. Courtney v. Pradt, 196 U. S. 89, 92, 25 S. Ct. 208, 49 L. Ed. 398; American Well Works Co. v. Layne & Bowler Co., 241 U. S. 257, 258, 36 S. Ct. 585, 60 L. Ed. 987."

The appellee concedes the force of these decisions, but denies their applicability on the ground that we are here dealing with the police power of the state of California exercised through the city of Willow Glen prohibiting the appellant from building its railroad within the city limits of that city without the consent of the municipal authorities. We see no merit whatever in this contention. In fairness to the trial court it should be stated that the question of jurisdiction was not raised in the trial court.

In the case at bar we have an order of the Interstate Commerce Commission authorizing and requiring an interstate carrier to abandon a portion of its interstate line and to construct a cut-off which passes through the city of Willow Glen in lieu thereof. The appellee city has refused to grant permission to construct this line and invokes the jurisdiction of a state court to prevent such construction as required by the order of the Interstate Commerce Commission. In legal effect the action is one to enjoin the enforcement of an order of the Interstate Commerce Commission.

We are not now concerned with the merits of the controversy. It is clear that the controversy is over the validity of the order of the Interstate Commerce Commission. In such case jurisdiction is vested in the district court to the exclusion of the state court. 28 USCA § 46, supra.

The decree of the District Court enjoining the appellant from constructing its railroad within the city of Willow Glen is reversed, and the case remanded to the District Court with instructions to dismiss the case without prejudice for lack of jurisdiction upon removal from the state court.

SAWTELLE, Circuit Judge, concurs.