## MAGNOLIA PETROLEUM CO. et al. v. EDGAR.

### No. 7912.

Court of Civil Appeals of Texas. Austin.

June 14, 1933.

Rehearing Denied July 12, 1933.

360

Walace Hawkins, Turner, Rodgers & Winn, Thompson, Knight, Baker & Harris, and Sawnie R. Aldredge, all of Dallas, for appellants.

W. H. Nunn, Wilcox & Graves, and Sam Burnap, all of Georgetown, for appellee.

BAUGH, Justice.

On motion for rehearing herein, we have concluded that we were in error in reversing this cause, and that same should be affirmed. All orders heretofore entered herein are therefore set aside, our opinions heretofore filed are withdrawn, and this opinion is substituted in lieu thereof.

The case arose as follows: Joe Edgar owned an oil and gas lease on a strip of land, running north and south, containing between 3⅓ and 4 acres, in the proven oil field in Gregg county. This strip was 132 feet wide at the north end, about 1,600 feet long, and about 70 feet wide at the south end. On the west of this strip running its entire length the Magnolia Petroleum Company owned a 110-acre lease; and on the east appellants, Simms Oil Company, Stanolind Oil & Gas Company, and the Peach Blossom Oil Company, owned jointly a 180-acre lease running the full length of said strip. Edgar originally made application for a permit to drill a well on said strip of land, under the exception to rule 37 of the Railroad Commission, 200 feet south of its north boundary line. After a hearing, permit was granted on September 11, 1931, by the Railroad Commission to Edgar to drill 600 feet south of his north line, on condition that only one well be drilled on the tract. On October 4, 1931, the matter was again taken up by all the interested parties before the deputy oil and gas commissioner at Austin, and agreement reached between Edgar and the adjacent lease owners on the east and west of his tract; and the deputy commissioner authorized Edgar to locate his well 740 feet south of his north line. No order was issued by the commission, however, to that effect. While the testimony is not harmonious as to details, we think it is clear that an oral agreement was reached between Edgar and the appellants, with the approval of the deputy oil and gas commissioner, that Edgar should drill his well in the center of his strip 740 feet from its north line, or 65 feet from each of its lateral boundaries at that point; that the Magnolia on the west should drill two wells on its tract alongside Edgar's strip, one not less than 65 feet from his west line, near its south end, and the other not less than 330 feet from Edgar's boundary line, near its north end; and that the owners of the lease on the east were to drill two wells, one near the north end of said strip at least 65 feet from its boundary line, and one near its south end and at least 330 feet from its boundary line.

After Edgar's No. 1 well was drilled, and the Magnolia had drilled two wells to his west, and the other appellants two wells to his east, Edgar assigned to one W. J. Riggs a one-acre block out of the south end of his strip, said assignment to be held in escrow and not to be delivered unless a permit from the Railroad Commission to drill a well on said one-acre tract was secured. Three hearings before the commission were had on such application, at each of which adjoining lease owners were notified and protested, and each time such permit was refused. After the last refusal, Riggs, joined by Edgar, brought suit in the district court of Travis county to set aside the order of the Railroad Commission refusing him such permit. Only the Railroad Commission was made a defendant, the commission's order was by the district court set aside, and judgment entered authorizing Edgar to drill a second well on his strip of land, i. e., on the one-acre tract out of the south end thereof. None of the adjoining lease owners were made parties to nor given notice of this suit. Final judgment was rendered therein without the knowledge of these appellants.

Edgar thereupon prepared to drill his second well, and this suit was for a temporary and permanent injunction brought against him by appellants, adjacent lease owners, to restrain him from doing so. The grounds for such injunction alleged were: (1) That the drilling of said well No. 2 would be in violation of the oral contract between appellants and appellee made at the time the permit to drill well No. 1 was granted, which contract had been by appellants performed;

(2) that such well No. 2 would be in violation of rule No. 37 of the Railroad Commission; (3) that appellee was unable to respond in damages, and they had no adequate remedy at law; and (4) that the judgment of the district court of Travis county authorizing Edgar to drill his well No. 2 on said tract was void upon its face and not binding upon appellants because they were necessary parties to said suit.

█ The trial court denied the plaintiffs any injunctive relief; hence this appeal. No findings of fact and conclusions of law were requested and none filed. The judgment does not indicate on what grounds the trial court denied the injunction. While the appellants urge at considerable length the oral contract between them and appellee as to the location and spacing of wells, appellee's agreement to drill only one well on his tract, and his breach thereof as the basis for injunctive relief asked for, under the view we take of the case we think that contract becomes immaterial. There was evidence from which the trial court might have found that appellants had themselves breached that contract. If so, they would be in no position to enjoin appellee from a breach thereof.

█ The controlling issue presented is, we think, that of the validity of the judgment of the district court of Travis county authorizing appellee to drill a well on the south one acre of his narrow strip of land. And this depends upon whether or not the appellants were necessary parties to said suit. We have, upon reconsideration of this question, concluded that they were not. While they were of course interested in the conservation and recovery of the oil under the adjoining lands, they have no interest in the land in question nor any rights in the oil beneath it. Those rights are vested wholly in the appellee, subject, of course, to the regulations of the Railroad Commission in producing it. And, in the exercise of that police power of the state, the commission does not act on behalf of interested private individuals, but as an administrative agency of the state representative of, the public interest. To that extent and in that capacity the commission represents all the public, including not only the adjacent leaseholders but all others interested in and affected by the regulation of the entire field as to drilling, locating, and spacing wells, proration of production, and in all matters duties enjoined upon it by the conservation laws. Such we think was the intent of the Legislature. When acting within the scope of the authority vested in it by law in the regulation of oil production, the commission is presumed to act on behalf of all the public; and, when its action is called in question by suit in the district court as provided by the statute (Vernon's Ann. Civ. St. art. 6049c,

§ 8), it continues to act both in the defense of or in the enforcement of its orders as a representative of the public. The appellee herein attacked its order in the exact manner prescribed by law. The Legislature had the right and power to confine jurisdiction of such suit exclusively to Travis county. Alpha Pet. Co. v. Terrell (Tex. Com. App.) 59 S.W.(2d) 364. The right of appellee to attack the commission's order in the manner in which he did attack it exists only by operation of the statute. Compliance with that statute was therefore jurisdictional. The only defendant named in the statute in such suit to set aside the commission's order is the commission itself. Consequently, we think the Legislature intended that it was the only necessary party defendant to such proceeding, and that a judgment against the commission is binding on all parties affected by its order. Railroad Commission v. Texas Steel Co. (Tex. Civ. App.) 27 S.W.(2d) 861; North Dakota v. Chicago & N. W. Ry. Co., 257 U. S. 485, 42 S. Ct. 170, 66 L. Ed. 329.

While the statute (article 6036a, Vernon's Ann. Civ. St. [Acts 1929, 41st Leg. p. 694, c. 313, § 5]) requires ten days' notice on an application to drill a well, such notice is to be given "in the manner and form prescribed by the Commission." The statute itself does not undertake to designate to whom such notice is to be given nor in what form. This for the obvious reason that it would be impossible to designate specifically who are the interested parties. And, if one interested party be a necessary defendant in a suit on the commission's order, all interested parties would be necessary defendants, and the matter of joining all the necessary parties under such a procedure would inevitably lead to interminable confusion and delays; whereas prompt action in passing upon the commission's orders is not only essential to their efficacy, but speedy disposition of such suits is expressly enjoined upon the courts by the conservation laws themselves. Under the statute, had the commission granted appellee a permit to drill said well, any interested party could have attacked the order by suit in Travis county. In fact, attacks upon the commission's orders in such cases are usually instituted by, or at the instance of adjacent leaseholders. But it does not necessarily follow that, when such permit is refused, the party aggrieved must make all those interested in and affected by the order parties to a suit to review the order. While the adjoining owners are most immediately interested, perhaps, owners more remotely situated in the same field are likewise interested, and that interest may or may not be dependent upon the proximity of their holdings to the lands sought to be drilled. And it would be impossible to define the limits of such interests in the vicinity of the lands involved. Obviously it could not be said that the adjacent owner, who might likewise

own a narrow strip of land, would be so interested that he was a necessary party to such action, but that his adjacent owner, only a short distance further removed from the proposed well, was not a necessary party, though affected by the drilling of such well, or at least by offsets which might be necessitated by the drilling of such well. Consequently only the commission was designated in the statute as a defendant, and it was, we think, the purpose of the Legislature to make it the only necessary defendant and representative of all interested parties.

That being true, the judgment of the district court of Travis county, having jurisdiction of both parties and the subject-matter, was a valid judgment and not subject to collateral attack. The suit by appellants in Williamson county to which the Railroad Commission was not a party to enjoin appellee from doing that which the Travis county district court had decreed that he had a right to do was clearly a collateral attack upon that judgment, which cannot be maintained. 25 Tex. Jur. 679, and numerous cases cited.

This conclusion renders it unnecessary for us to discuss the other contentions made by the appellants. All orders heretofore entered herein are therefore set aside, and the judgment of the trial court is affirmed.

Orders heretofore entered set aside; judgment affirmed.