## ROBINSON *v.* ANDERSON.

### ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CALIFORNIA.

Submitted April 18, 1887. — Decided May 2, 1887.

When, after all the pleadings are filed in a cause in a Circuit Court of the United States between citizens of the same state, it appears that the averments in the declaration which alone gave the court jurisdiction are immaterial in the determination of the matter in dispute, and are made for the purpose of creating a case cognizable by the court, it is the duty of the Circuit Court to dismiss the bill for want of jurisdiction.

THE plaintiff in error, who was plaintiff below, a citizen of California, brought suit against other citizens of the same state, to recover possession of lands in Los Angeles County, California, alleging that the action arose "under the laws of the United · States and the treaty known as the treaty of Guadelupe-Hidalgo." After answers were filed the case was dismissed for want of jurisdiction. The plaintiff sued out this writ of error to review that judgment. The case is stated in the opinion of the court.

*Mr. L. D. Latimer* for plaintiff in error.

No appearance for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error sued out under § 5 of the act of March 3, 1875, c. 137, 18 Stat. 470, for the review of an order of the Circuit Court dismissing a suit brought by Robinson, a citizen of California, against other citizens of the same state, for want of jurisdiction. The claim on the part of the plaintiff in error is, that upon the face of the complaint it appears that the suit is one arising under the Constitution, or laws, or treaties of the United States, and that consequently the Circuit Court had jurisdiction by reason of the subject matter of the

action; but on examination we find that, according to the plaintiff's own showing in his complaint, his rights all depend on the boundaries of the Rancho Los Bolsas, granted by the Mexican government to Manuel Nieto, and confirmed and patented to his representatives by the United States under the act of March 3, 1851, c. 41, 9 Stat. 631, "to ascertain and settle the private land claims in the state of California." Primarily these boundaries depend on the description of the land granted as found in the patent issued under the decree of confirmation, and it nowhere appears that either the Constitution or any law or treaty of the United States is involved in this.

It is true that in the complaint the plaintiff alleges that the several defendants claim to be owners of parts of the Rancho Santiago de Santa Ana, adjoining the Rancho Los Bolsas on the east, granted by the Mexican government to Antonio Yorba in 1810, and confirmed and patented by the United States to Bernard Yorba and others in 1855, and that, if the ranchos overlap, the title of the defendants is the best, because the grant of the Rancho Santiago de Santa Ana is the oldest and has precedence. He also alleges that the defendants claim "that they are 'third persons' as to whom the patents of Los Bolsas are not conclusive under the act of" 1851, just referred to, and there are also some allegations as to the authority of the Commissioner of the General Land Office, under the laws of the United States, to order a resurvey of the Rancho Santiago de Santa Ana, which had been once surveyed so as to exclude the premises in dispute. Many of the defendants answered, denying that they were in possession of any portion of the premises in dispute, and others claiming that they were in possession "by and with the consent of plaintiff made and given to defendants by plaintiff's agent, R. J. Northam, on or about the — day of June, 1882, and not otherwise." Others claim to be in possession "in severalty under and by virtue of written contracts for the conveyance of said several tracts of land . . . by the said plaintiff to said defendants." None of the defendants in their answers claim title under the grant of the Rancho Santiago de Santa Ana.

Upon the pleadings the court dismissed the suit, evidently

for the reason that it did not "really and substantially involve a dispute or controversy within the jurisdiction" of that court. Such was the clear duty of the court under the act of 1875, unless from the questions presented by the pleadings it distinctly appeared that some right, title, privilege, or immunity, on which the recovery depended, would be defeated by one construction of the Constitution or some law or treaty of the United States, or sustained by an opposite construction. *Starin* v. *New York*, 115 U. S. 248, 257.

Even if the complaint, standing by itself, made out a case of jurisdiction, which we do not decide, it was taken away as soon as the answers were in, because if there was jurisdiction at all it was by reason of the averments in the complaint as to what the defences against the title of the plaintiffs would be, and these were of no avail as soon as the answers were filed and it was made to appear that no such defences were relied on. The Circuit Court cannot be required to keep jurisdiction of a suit simply because the averments in a complaint or declaration make a case arising under the Constitution, laws, or treaties of the United States, if, when the pleadings are all in, it appears that these averments are immaterial in the determination of the matter really in dispute between the parties, and especially if, as here, they were evidently made "for the purpose of creating a case" cognizable by the Circuit Court, when none in fact existed. The provision in § 5 of the act of 1875, requiring the Circuit Court to proceed no further, and dismiss the suit when it satisfactorily appears that, "such suit does not really and substantially involve a dispute or controversy properly within" its jurisdiction, applies directly to this case as it stands on the pleadings. The answers show that the case made by the complaint was fictitious and not real. The defendants either disclaim all interest in the land, or claim title under and not adverse to that of the plaintiff.

*The order dismissing the case is affirmed.*