## HAAS et al. v. BURTON et al.

Circuit Court of Appeals, Fifth Circuit.
May 2, 1928.

No. 5118.

**I. Courts ☞330—Failure to substantiate easily provable claim for jurisdictional amount, or to satisfactorily explain jurisdictional failure, requires dismissal (Jud. Code, § 37 [28 USCA § 80]).**

In determining whether claim to amount over jurisdictional limit of federal District Court is made in good faith, if actual matter in controversy is insufficient in value to confer jurisdiction, and claim to the additional amount easily supportable by proof is not in fact supported, and no satisfactory explanation of failure to support jurisdictional facts is given, such claim must be held to be fictitious, and to have been made for purpose of perpetrating fraud on the jurisdiction of the court, under Judicial Code, § 37 (28 USCA § 80).

**2. Courts ☞328(6)—Suit in behalf of stockholders held not to involve controversy within court's jurisdiction, where only rights of plaintiff holding stock of less than jurisdictional amount were involved (Jud. Code, § 37 [28 USCA § 80]).**

Suit by stockholder, personally owning stock of value less than jurisdictional amount, to recover for himself and in behalf of other stockholders against directors of corporation for alleged fraud and failure to account, *held* subject to dismissal under Judicial Code, § 37 (28 USCA § 80), as not substantially involving a dispute or controversy properly within the court's jurisdiction, where it clearly appeared that other stockholders in corporation had all exchanged their stock for that of newly organized corporation, and that the dispute merely involved validity of directors' disposition of corporate property as to plaintiff's sole interest; claim being fictitious and asserted for purpose of perpetrating fraud on court.

Appeal from the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Suit by John W. Burton against John W. Haas and others, revived in the names of Hallie Burton and others as plaintiff's heirs at law, after plaintiff's death. From a decree for plaintiffs, defendants appeal. Reversed and rendered.

Albert P. Garland, of Shreveport, La., for appellants.

Frank S. Quinn, of Texarkana, Ark., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. In September, 1923, John W. Burton, a citizen of Arkansas, filed his bill in equity in the court below against four individuals, citizens of Louisiana, and the Marine Oil & Refining Company, a Louisiana corporation, herein called the Marine Company. The bill, after being amended several times, contained allegations to the following effect:

Plaintiff owns stock of the Marine Company of the par value of $1,525, which he acquired directly from that company in 1918, paying par therefor. The individual defendants were the managing directors of the Marine Company during the years 1919, 1920, and 1921. In September, 1919, the individual defendants as such managing directors sold to A. C. Lea, trustee, a refinery in Caddo parish, Louisiana, and certain oil leases belonging to the Refining Company, for the sum of $225,000, the sale being upon credit, and the purchaser executed and delivered his three notes to the Marine Company, each for $75,000, payable, respectively, September 13, 1920, September 13, 1921, and September 13, 1922, and the Refining Company, on September 15, 1919, executed and delivered a credit deed to said property, which recited the consideration of $225,000 and the execution and delivery of said three notes for $75,000 each. Those notes were delivered to the individual defendants as such directors and managers. That credit deed was duly recorded, and constituted a lien or mortgage on the property conveyed to secure said notes. In January, 1921, the individuals sued, as managing directors of the Marine Company, caused or permitted a notation to be made on the margin of the record of said deed to the effect that said notes were paid and that the lien or mortgage was canceled. If the individuals sued delivered or canceled said notes without receiving payment thereof, their action was wrongful and illegal, and constituted a fraud upon the Marine Company. If the individuals sued received payment of said notes, they have not accounted to the corporation for the same, and have committed a breach of trust in not so accounting. The bill contained prayers that plaintiff therein be permitted to bring this suit in behalf of said corporation and its shareholders; that the defendant directors be required to account for said three notes; that, if it shall be found that said notes have been illegally and wrongfully delivered up or canceled, then that plaintiff, in behalf of the Refining Company, have judgment against the defendant directors for the value of said notes, to wit, the sum of $225,000; and that, if said notes have been collected, plaintiff have judgment for the amount so collected.

The answer to the amended bill, filed after the overruling of a motion to dismiss it, contained allegations to the following effect:

The sale of property of the Marine Company was made as alleged. The purchaser, A. C. Lea, trustee, in making the purchase, acted for the Rogers Refining Corporation, a new corporation (herein called the Rogers Corporation), then being formed for the purpose of taking over that property, and that sale was made pursuant to an arrangement whereby the Rogers Corporation would pay the debts of the Marine Company, issue Rogers Corporation stock at par for an equal amount of stock of the Marine Company, stock of the Marine Company so exchanged to be credited on the above-mentioned notes. When that arrangement was made, the Marine Company was in an embarrassed condition, its plant as it stood was of no value to it, its resources having been exhausted in an effort to raise money to complete that plant, and its stock was of no value practically. The stockholders of the Marine Company were consulted, and practically all of them agreed to that arrangement. Pursuant to that arrangement $215,000 of the stock of the Marine Company was exchanged for stock of the Rogers Corporation, which, together with the sums paid by the Rogers Corporation for and in behalf of the Marine Company, more than paid the purchase price of the property sold. To the best of defendants' knowledge there is no stockholder of the Marine Company, other than plaintiff, who is dissatisfied with that arrangement. The individual defendants have been and are ready and willing to have plaintiff's stock exchanged for Rogers Corporation stock, so that plaintiff will be treated in the same way as other stockholders. For more than two years after that arrangement was made and carried out as to other stockholders, plaintiff took no action and made no protest against it. That arrangement was made in accordance with the desire of substantially all of the stockholders of the Marine Company, and the directors of that company, in making that arrangement, acted in good faith in an effort to save some-

thing for the stockholders of the Marine Company, which was a failure almost from start to finish.

After that answer was filed the plaintiff in the suit amended the prayer of his bill by adding the following:

"If it be found that the plaintiff is now the sole and only owner of stock in the Marine Oil & Refining Company, and the only person to share in a recovery against the defendants, if a recovery is had herein, then plaintiff prays that the value of his stock in the said Marine Oil & Refining Company be ascertained, and that the defendants be decreed and adjudged to pay to the plaintiff the value of his said stock as so ascertained, together with costs, and a reasonable attorney's fee."

A few days after that amendment was made the parties made a written agreed statement of facts, which contained a provision to the effect that certain allegations of the answer, including those above mentioned, may be taken as true. Upon a submission of the cause on the pleadings and the agreed statement of facts, the court rendered a decree which adjudged that the above-mentioned sale of property of the Marine Company and the subsequent surrender and exchange of the notes received in that sale for stock in the Rogers Corporation were made without lawful right or authority, in so far as the plaintiff in the suit is concerned, annulled the same to that extent, and referred the cause to a master, with directions to ascertain and report to the court the value of plaintiff's interest in the stock and property of the Marine Company.

Following the death of the plaintiff, the revival of the suit in the names of his heirs at law, the appellees, and the filing of the report of the master, the court rendered a decree finding that the value of the stock of appellees in the Marine Company was $1,383.03 on the date of said sale, September 15, 1919, and that the appellees have and recover of the appellants that sum, with interest from September 15, 1919.

[1, 2] The allegations of the bill, as it was originally and as it was amended, do not show that at any time plaintiff's stock in the Marine Company was worth more than $1,525, that at the time the suit was brought any stockholder in the Marine Company other than plaintiff was in a position to complain of the attacked transaction, or that plaintiff believed or had any reason to believe at that time that that transaction was voidable at the instance of any one other than himself. Nothing contained in the record is inconsist-

ent with the conclusion that the sole real purpose of the suit from the beginning was to have the attacked transaction avoided so far as the plaintiff in the suit was concerned, and to obtain an award in his favor of the amount of the value of his stock in the Marine Company, with interest on that amount. So far as appears from the record no explanation or excuse was offered for giving the suit the appearance of being in behalf of any one other than the single plaintiff therein.

The record warrants the conclusion that, so far as the suit purported to be one in behalf of any one other than the plaintiff, or asserted a claim in excess of the value of his interest in the property of the Marine Company, the suit was not brought or prosecuted in good faith, and that the sole purpose of giving it the appearance of being in behalf of any one other than the plaintiff therein, and of the assertion of a claim for more than the value of the plaintiff's stock, which was not alleged to be worth more than par, was to make a case apparently within the jurisdiction of the court. "If in any suit commenced in a District Court * * * it shall appear to the satisfaction of the said District Court, at any time after such suit has been brought, * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said District Court, * * * the said District Court shall proceed no further therein, but shall dismiss the suit, * * * and shall make such order as to costs as shall be just." Judicial Code, § 37 (28 USCA § 80).

This provision is mandatory in its terms, and makes it the duty of the court to dismiss a suit whenever, in the progress of the case, it appears that it does not really and substantially involve a dispute or controversy within the jurisdiction of the court. In determining whether a claim is made in good faith, or fictitious, and made only for the purpose of imposing on the court a case not properly within its jurisdiction, if the actual matter in controversy is insufficient in value to confer jurisdiction, and the additional amount required for that purpose is attempted to be supplied by setting up a claim easily supportable by proof, if made in good faith, but in support of which no proof is offered, and no satisfactory explanation of the failure to offer proof of jurisdictional facts is given, such claim must be held to be fictitious, and to have been made for the purpose of perpetrating a fraud on the jurisdiction of the court. Robinson v. Anderson, 121 U. S. 522, 7 S. Ct. 1011, 30 L. Ed. 1021;

Bank of Arapahoe v. David Bradley & Co. (C. C. A.) 72 F. 867.

After the instant suit was brought, it clearly appeared that the suit was not brought or prosecuted for the benefit of any one other than the single individual who brought it, and that it did not really and substantially involve a dispute or controversy other than as to the validity as against that individual of the attacked disposition of property of the Marine Company, and as to that individual's right to hold the parties sued liable for the value of that individual's interest in that property, which interest was not alleged to be of a value sufficient to give the court jurisdiction. During the progress of the suit it became manifest that it was brought and prosecuted to enforce a claim of the plaintiff that he was entitled to recover a sum greatly less than $3,000.

We are of opinion that the suit should have been dismissed, because it clearly appeared that it did not really and substantially involve a dispute or controversy properly within the court's jurisdiction. The judgment is reversed, and a judgment will be here rendered, dismissing the suit, without prejudice to the right of the appellees to assert their claims in a court other than the court below; the costs to be taxed against appellees.

Reversed and rendered.