## WHITNEY TRUST & SAVINGS BANK et al. v. BRELSFORD et al.

### No. 6635.

Circuit Court of Appeals, Fifth Circuit.

March 14, 1933.

Egbert Beall and Jos. D. Farish, both of West Palm Beach, Fla., for appellants.

A. L. Rankin, S. C. Kearley, and H. C. Fisher, all of West Palm Beach, Fla., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

As trustees in a mortgage appellants brought a bill in equity in the District Court of the United States to foreclose it and to subordinate a recorded tax lien of the United States by authority of 26 USCA § 136. There is not diversity of citizenship between mortgagor and mortgagees. The United States answered that their tax lien had been paid off by the mortgagor; a certificate of release having been given him under 26 USCA § 115 before the bill was filed and duly recorded since, and they disclaimed having any interest in the mortgaged premises. The mortgagor setting up the same facts moved under 28 USCA § 80 to dismiss the bill because it did not really and substantially involve a dispute or controversy within the jurisdiction of the court. From an order sustaining that motion this appeal is taken.

The tax lien was recorded June 10, 1931. The tax was paid and certificate of release made December 31, 1931. The bill was filed January 11th, the certificate recorded January 20th, and the motion to dismiss made February 3, 1932. Jurisdiction must be rested upon 26 USCA § 136, under subdivision (b) of which appellants were proceeding. Subdivision (a) provides that in cases of real estate liable for a federal tax a bill in chancery to enforce the tax may be brought by the United States to which all persons having an interest in, or lien on, the real estate may be made parties. After all are served the court is to "proceed to adjudicate all matters involved therein, and finally determine the merits of all claims to and liens upon the real estate in question, and in all cases where a claim or interest of the United States therein is established, shall decree a sale of such real estate," etc. Subdivision (b) permits "any person having a lien upon or any interest in such real estate" of older record than that of the tax lien of the United States, on failure after request of the tax officer to sue, to obtain leave of the District Court where the real estate is, and thereupon file "a bill for a final determination of all claims to or liens upon the real estate in question. * * * Upon the filing of such bill the district court shall proceed to adjudicate the matters involved therein, in the same manner as in the case of bills filed under subdivision (a) of this section." The constitutional basis of the jurisdiction is that the United States are a party to the controversy, and that it arises under the Revenue Laws of the United States. Const. art. 3, § 2. Congress has expressly limited it both in subdivision (a) and subdivision (b) to controversies over real estate out of which the United States claims the right to collect a tax. In the present application for leave to sue it was alleged that the United States had and claimed a lien for income taxes on the land, and that allegation was repeated in the bill filed. It is the sole jurisdictional fact. The claim had existed until December 31, 1931, and no doubt the appellants thought it still existed on January 11, 1932, when the allegations were made, but the truth was otherwise. The answers disclosed that the real estate involved was liable for no tax to the United States and no lien thereon was claimed, and that subsequently to the filing of the bill even the appearance thereof had been removed from the face of the records. It thereby became evident that there was not really and substantially a controversy of the sort over which the court was given jurisdiction, and 28 USCA § 80 required a dismissal of the bill. "The only foundation for the alleged jurisdiction consists of the averments of complainant relative to the contention of the defendants as to their defense. Now, if it appear from the answer of defendants that no such claim as is necessary to give the court jurisdiction is in fact made, but, on the contrary, is disclaimed and denied, then the basis of jurisdiction fails, and the court cannot proceed." Boston & Montana Co. v. Montana Ore Co., 188 U. S. at page 643, 23 S. Ct. 434, 439, 47 L. Ed. 626; Robinson v. Anderson, 121 U. S. at page 524, 7 S. Ct. 1011, 30 L. Ed. 1021.

Appellants here have no right to foreclose their mortgage in the District Court. The dismissal is affirmed.