**NORD et al. v. GRIFFIN.\***
No. 5975.

Circuit Court of Appeals, Seventh Circuit.
Nov. 13, 1936.

*Writ of certiorari denied 57 S. Ct. —, 81 L. Ed. —.

482

See, also, Griffin v. Chicago Union Station Co. (D.C.) 13 F.Supp. 722.

Leo J. Hassenauer, of Chicago, Ill., for appellants.

Anan Raymond and Robert Z. Hickman, both of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellants are switch tenders, employed by Chicago Union Station Company, and members of the Brotherhood of Railroad Trainmen. Appellee is similarly employed but not a member of the Brotherhood.

Appellants seek to reverse a decree enjoining them, the Chicago Union Station Company and the National Railroad Adjustment Board, from enforcing an award of the Board rendered February 7, 1935, in favor of the Brotherhood against the Union Station Company. This award was entered as the result of a dispute arising over the interpretation and application of a schedule of regulations for the government of conductors, trainmen, and switch tenders and was to the effect that the granting of seniority standing to appellee on July 1, 1931, as of May 7, 1906, was erroneous and that his standing should be rated as of February 1, 1931, when he was transferred from his employment as car recorder to that of switch tender. Appellee was not a party to the proceedings and received no notice of the hearing upon which the award was based.

Appellee contended and the court found that he was directly interested in the controversy before the Board; that his right to seniority was a contract right, of which he had been deprived by an award in a proceeding to which he was not a party and of which he had no notice. Because it concluded that such an award, under such conditions, was in violation of appellee's rights under the Constitution, the District Court issued the injunction. Appellants, after obtaining a severance, prosecuted this appeal.

It is first contended that the court below was without jurisdiction, as the amount in controversy did not exceed the sum of value of $3,000.

The answer of the Union Station Company admits that appellee was entitled to remain in continuous employment until he reached the age of seventy, or, for the further period of eleven years; that if his seniority be fixed as determined by the award, appellee, as a junior tender, would receive no assignment to work. The evidence disclosed that appellee was paid the sum of $5.07 per day, twenty-six days per month; that he was in good health; and that he had passed the regular physical examination. His annual earnings were approximately $1,500. The evidence showed that the direct and unavoidable effect of the award was the loss of his employment, for, after the Board made its decision, the employer took away appellee's previously established seniority rights as directed and assigned him to the extra list. This meant, practically, no employment.

The right to earn a livelihood and to continue in employment unmolested by efforts to enforce void enactments or adjudications is entitled to protection, in the absence of an adequate remedy at law. Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131, L.R.A.1916D, 545, Ann.Cas. 1917B, 283. Obviously the District Court was correct in concluding that the award deprived appellee of his property rights.

The value of the right involved is not to be measured by any item of expense, but rather by the value of the object to be gained. Thus in Glenwood Light Co. v. Mutual Light Co., 239 U.S. 121, 36 S.Ct. 30, 32, 60 L.Ed. 174, the court said: "We are unable to discern any sufficient ground for taking this case out of the rule applicable generally to suits for injunction to restrain a nuisance, a continuing trespass, or the like, viz., that the jurisdictional amount is to be tested by the value of the object to be gained by complainant. The object of the present suit is not only the abatement of the nuisance, but (under the prayer for general relief) the prevention of any recurrence of the like nuisance in the future. In Mississippi & Missouri Railroad Co. v. Ward, 2 Black, 485, 492, 17 L.Ed. 311, 314, it was said: 'The want of a sufficient amount of damage having been sustained to give the Federal courts jurisdiction will not defeat the remedy, as the removal of the obstruction is the matter of controversy, and the value of the object must govern.'"

In Local No. 7 of Bricklayers', etc., Union v. Bowen (D.C.) 278 F. 271, 273, an injunction was sought to restrain certain officers of a labor union from putting into effect a sentence of judgment of the executive board suspending the plaintiffs from membership in the union. In granting the injunction, the court said: "Further, it is the settled rule that the amount in controversy in injunction suits is not the sum which the plaintiff might recover in a suit for the damage already sustained, but the amount or value of the right which the complainant seeks to protect from invasion, or of the object to be gained by the bill. Board of Trade of City of Chicago v. Cella Commission Co., 145 F. 29, 76 C.C.A. 28; Nashville, C. & St. L. Ry. Co. v. McConnell (C.C.) 82 F. 65; 11 Cyc. 878; Texas & P. Railway Co. v. Kuteman, 54 F. [547] 552, 4 C.C.A. 503."

In Hunt v. New York Cotton Exchange, 205 U.S. 322, 27 S.Ct. 529, 534, 51 L.Ed. 821, the court held that the lower court had jurisdiction to enjoin the receipt and use of quotations of sales made upon an Exchange, and that for the purpose of determining the amount involved the mere fact that the future value of the right to be protected might vary did not alter the general rule. The court said: "In Mississippi & Missouri Railroad Company v. Ward, 2 Black, 485, 17 L.Ed. 311, it was decided that jurisdiction is tested by the value of the object to be gained by the bill. To the same effect is Board of Trade v. Cella Commission Company [C. C.A.] 145 F. 28. In the latter suit the Chicago Board of Trade obtained a decree restraining the use of its continuous quotations by the Cella Commission Company. It was said that the amount or value of such right is not the sum a complainant might recover in an action at law for the damage already sustained, nor is he required to wait until it reaches the jurisdictional amount. The latter declaration is supported by Scott v. Donald, 165 U.S. 107, 17 S.Ct. 262, 41 L.Ed. 648."

See, also, Western & Atlantic Railroad v. Railroad Comm. of Georgia, 261 U.S. 264, 43 S.Ct. 252, 67 L.Ed. 645; Nashville, C. & St. L. R. Co. v. McConnell (C.C.) 82 F. 65; American Fisheries Co. v. Lennen (C.C.) 118 F. 869; Haas et al. v. Burton (C.C.A.) 25 F.(2d) 938.

Here appellee was entitled to certain seniority rights which furnished him regular employment. He contends that he is entitled to such rights as of the year 1906. Of these, the award of the Board deprived him, fixing his rights as of 1931. As a result there was no work for him to do; he was put on the extra list without employment; deprived of his work, which furnished him $1,500 per year and certain other rights, incidental to his employment. Clearly the amount involved was in excess of $3,000 and the court had jurisdiction of the controversy.

Nor do we believe that the Railroad Labor Act in any way limited the jurisdiction of the District Court as previously conferred by 28 U.S.C.A. § 41. (1). Section 3, subdivision (p), of the Railroad Labor Act (45 U.S.C.A. § 153 (p), provides: "If a carrier does not comply with an order of a division of the Adjustment Board within the time limit in such order, the petitioner, or any person

for whose benefit such order was made, may file in the District Court of the United States for the district in which he resides, * * * a petition," etc. The clear intent was not to limit the previously existing jurisdiction of the court, but rather to extend that jurisdiction to cases to which it had not previously applied.

The trial below and this appeal do not involve the merits of the controversy. They involve solely the question of whether the appellee is to be bound by an order of an administrative board in a proceeding to which he was not a party, entered at a hearing of which he had no notice. The mere statement of the proposition is conclusive of its unsoundness. The rights of plaintiff are protected by the Fifth Amendment.

In Ochoa v. Hernandez y Morales, 230 U.S. 139, 33 S.Ct. 1033, 1041, 57 L.Ed. 1427, the Supreme Court said: "Whatever else may be uncertain about the definition of the term 'due process of law,' all authorities agree that it inhibits the taking of one man's property and giving it to another, contrary to settled usages and modes of procedure, and without notice or an opportunity for a hearing."

Clearly the award, so far as appellee was concerned, was in violation of his rights under the Fifth Amendment to the Constitution, and it was the court's duty, with jurisdiction of the subject-matter and of the parties, to award the injunction.

The decree is affirmed.