### SOLANICS v. REPUBLIC STEEL CORPORATION et al.

#### No. 20053.

District Court, N. D. Ohio, E. D.

Sept. 13, 1940.

Harrison & Marshman, of Cleveland, Ohio, for plaintiff.

Howell, Roberts & Duncan and Jones, Day, Cockley & Reavis, all of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

Case considered on second motion to remand. The case was originally filed in the court of common pleas of Cuyahoga County, Ohio, the petition claiming damages for assault and battery. An amended petition was filed alleging that the assault and battery resulted from a conspiracy by the defendants to violate the National Labor Relations Act, Sec. 151, et seq. Title 29, U.S.C., 29 U.S.C.A. § 151 et seq. The defendants thereupon removed the case to this court. The plaintiff moved to remand; but this court overruled his motion because the allegations of the amended petition regarding violation of the Labor Act formed an essential element of the plaintiff's cause of action and brought the case within the terms of Sec. 71, Tit. 28 U.S.C., 28 U.S.C.A. § 71, i. e., a case arising under the laws of the United States.

Thereafter, and before answer was filed by the defendants, the plaintiff filed a second amended complaint and omitted all the allegations regarding the National Labor Relations Act and the plan, design, and purpose of the defendants to violate its provisions. Such second amended complaint reduced the cause of action again to one simply of damages for assault and

battery. Thereupon plaintiff filed a second motion to remand.

Sec. 80, Tit. 28 U.S.C., 28 U.S.C.A. § 80, provides: "If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court * * * the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just".

Plaintiff maintains that this section is controlling and that since all allegations regarding federal law are omitted from the second amended complaint, the cause must be remanded.

The defendants, however, insist that the question must be determined by reference to the pleadings at the time of removal; and that the jurisdiction of this court cannot be affected by the second amended complaint.

Both sides rely mainly upon the decision in St. Paul Indemnity Co. v. Cab. Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. The defendants rely upon the following language of the opinion:

"Moreover, the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove. * * * And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.

"Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." 303 U.S. pages 291, 292, 293, 58 S.Ct. page 591, 82 L.Ed. 845.

The plaintiff, on the other hand, relies upon the following language, 303 U.S. page 295, 58 S.Ct. page 593, 82 L.Ed. 845: "In the case of a separable controversy, if, after removal, the plaintiff discontinues or dismisses as to the defendant who removed, so that there no longer exists any separable controversy, the cause must be remanded. If a cause be removed on this ground the whole case, including the controversy between citizens of the same state, is taken over by the federal court only because one or more of the defendants is entitled to invoke its jurisdiction. The basis of federal jurisdiction failing, it is proper that the remaining parties, who were involuntarily taken into the federal court, should, upon the cessation of the separable controversy (diversity of citizenship) which was the cause of their transmission to another tribunal, have their case returned to the state court." (Parenthetical phrase inserted.)

No case has been cited by counsel nor found by the court which decides the exact question presented in this case, i. e., whether a case must be remanded or dismissed when the complaint is so amended after removal that the cause loses its character as one "arising under the laws of the United States".

It seems to this court that the language of the Supreme Court to the effect that federal jurisdiction will not be affected by amendment of pleadings after removal, must be restricted to the specific facts of the cases in which such language was used. If that is done, the pronouncement seems to apply only where the amendment reduces the amount prayed for (303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845) or where "if it did not sufficiently appear at the time of the petition for removal that the cause was not separable, it did so appear when the second amended complaint was filed." Pullman Co. et al. v. Jenkins et al., 305 U.S. 534, 537, 59 S.Ct. 347, 349, 83 L. Ed. 334. In other words, it seems settled by the holdings of the Supreme Court that if a case has been properly removed, it will not be remanded merely because the plaintiff reduces the amount of his demand below the jurisdictional requirement, or because he changes the cause of his action to make it no longer separable as between defendants of diverse citizenship. These are exceptions to the general rule, and the reasons for the exceptions are set forth in the cases referred to and the cases cited therein.

The jurisdiction of the United States District Court rests mainly upon two classes of cases: those involving diversity of

citizenship between the parties, and those arising under the Constitution, laws, or treaties of the United States. Tit. 28 U.S.C.A. § 41, subd. I(a), (b). The statute places a condition upon the jurisdiction of such court by limiting it generally to cases "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000". And the courts have held that the requirement as to diversity of citizenship is not met when there are citizens of the same state on both sides of the controversy. But the courts have recognized that if there is a separable issue between parties from entirely different states, then the requirement is met and federal jurisdiction attaches to the whole case.

█ .While the courts have refused to allow parties to play fast and loose with federal jurisdiction by arbitrarily changing after removal the amount involved in or the separable nature of the controversy, yet they have quite generally held that federal jurisdiction terminates whenever the real and substantial basis for such jurisdiction disappears; i. e., when all diversity of citizenship between the parties is eliminated.

"If a cause pending in a state court against several defendants is removed thence to the Circuit Court of the United States on the petition of one of the defendants under the act of 1875, 18 Stat. 470, on the grounds of a separate cause of action against the petitioning defendant, in which the controversy was wholly between citizens of different states, it should be remanded to the state court if the action is discontinued in the Circuit Court as to the petitioning defendant." Texas Transportation Co. v. Seeligson, 122 U.S. 519, 7 S.Ct. 1261, 30 L.Ed. 1150.

See, also, Torrence v. Shedd, 144 U.S. 527, 533, 12 S.Ct. 726, 36 L.Ed. 528.

The overwhelming weight of federal authority supports the requirement of the statute cited first above, that the court shall dismiss or remand whenever "it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court". 28 U.S.C.A. § 80.

█ The rule has been tersely stated thus: "the potentiality of originality is a condition precedent to removability", and, with the exceptions as to change in amount or change in the separable nature of the controversy, the rule seems equally well settled that the case will be remanded or dismissed whenever the "potentiality of originality" disappears.

"When, after all the pleadings are filed in a cause in a Circuit Court of the United States between citizens of the same state, it appears that the averments in the declaration which alone gave the court jurisdiction are immaterial in the determination of the matter in dispute, and are made for the purpose of creating a case cognizable by the court, it is the duty of the Circuit Court to dismiss the bill for want of jurisdiction." Robinson v. Anderson, 121 U.S. 522, 7 S.Ct. 1011, 30 L.Ed. 1021.

"The circuit court cannot be required to keep jurisdiction of a suit simply because the averments in a complaint or declaration make a case arising under the constitution, laws, or treaties of the United States, if, when the pleadings are all in, it appears that these averments are immaterial in the determination of the matter really in dispute between the parties". Id., 121 U.S. page 524, 7 S.Ct. page 1012, 30 L.Ed. 1021.

█ The defendants, in opposing the motion to remand, rely also upon Daland v. Hewitt Soap Co., D.C., 27 F.Supp. 482, in which it is stated: "Where a case has properly been removed from state to federal court, jurisdiction over it will not be defeated by later changes or developments in suit, such as changes in citizenship, in parties, in amount involved, or in cause of action pleaded."

If the language quoted is restricted to the facts of that case, it means no more than that federal jurisdiction, having once been acquired, cannot be defeated by amending the complaint so as to reduce the amount involved below the requirement for original jurisdiction. Authorities cited above show that the pronouncement that jurisdiction will not be defeated by later changes in citizenship or in parties is entirely too broad. Jurisdiction is defeated when the change in citizenship or parties removes that diversity which is essential to federal jurisdiction. It seems to this court that if changes in citizenship or in parties will bring about a dismissal or a remand when such changes remove the basic grounds of federal jurisdiction, then a change in the cause of action should have

a similar effect if such change removes the basis of federal jurisdiction. This court feels that the language of the district court in Daland v. Hewitt Soap Co., supra, should be limited to the facts, as was the language of the Supreme Court in the cases cited. It is to be noted, in passing, that the overruling by the district court of the motion to remand was justified by the continued presence of a question arising under the laws of the United States. The opinion states, 27 F.Supp. page 485, "Further, the case on the amended complaint is still, in part at least, for infringement of a registered trade-mark, and so within the jurisdiction of the district court without regard to the amount involved". This court prefers the statement of the law by Judge Hand in Fischer v. Star Co., D.C., 227 F. 955, and, for reasons pointed out above, does not feel that the decision in that case "is contrary to controlling authorities in the Supreme Court." If the language of the Supreme Court in the cases of Pullman Co. v. Jenkins, and St. Paul Indemnity Co. v. Cab Co., supra, is limited to the facts it is not at variance with the interpretation of Section 37 of the Judicial Code (Tit. 28, Sec. 80 U.S. C., 28 U.S.C.A. § 80) made by Judge Hand.

The Supreme Court has repeatedly acknowledged the restricted jurisdiction of federal courts and has recognized that Sec. 80 is a congressional declaration that federal courts on their own motion must dismiss or remand causes which exceed that limited jurisdiction. The Supreme Court, in St. Paul Indemnity Co. v. Cab Co., supra, 303 U.S. page 288, 58 S.Ct. page 590, 82 L.Ed. 845 says: "The principles governing dismissal of a cause initiated in the federal court or the remand of one begun in a state court have remained as they were before the section was adopted."

And those principles required dismissal whenever want of basic jurisdiction appeared. Dred Scott v. Sanford, 19 How. 393, 60 U.S. 393, 401, 456, 15 L.Ed. 691; Grace v. American Central Ins. Co., 109 U.S. 278, 3 S.Ct. 207, 27 L.Ed. 932; Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462; Farmington Village Corp. v. Pillsbury, 114 U.S. 138, 144, 5 S.Ct. 807, 29 L.Ed. 114; King Bridge Co. v. Otoe County, 120 U.S. 225, 226, 7 S.Ct. 552, 30 L.Ed. 623.

Motion sustained. Case remanded at the costs of plaintiff.