**TOWNSEND et al.**
v.
**NATIONAL RAILROAD ADJUST-
MENT BOARD et al.**

No. 53 C 2287.

United States District Court
N. D. Illinois, E. D.

Jan. 6, 1954.

Leon M. Despres, Chicago, Ill., for plaintiffs.

Milton P. Webster, Jr., Chicago, Ill., for Brotherhood of Sleeping Car Porters.

Andrew C. Scott, Asst. Gen. Sol., Chicago, Burlington & Quincy R. Co., Chicago for C. B. & Q. R. and Carrier Members.

Jacob H. Martin, Chicago, Ill., Clarence M. Mulholland, Toledo, Ohio, for Labor Members.

CAMPBELL, District Judge.

This suit is brought by three representative members of United Transport Service Employees (hereinafter referred to as "United"), an unincorporated labor association, against six members and the secretary of the Fourth Division of the National Railroad Adjustment Board (NRAB), the Chicago, Burlington & Quincy Railroad Company, and the Brotherhood of Sleeping Car Porters (hereinafter referred to as the "Brotherhood"). It is alleged in the complaint that United is the exclusive bargaining agent of a class of Burlington employees, including employees known as Zephyr Coach Porters, and that, under the terms of an agreement entered into between United and Burlington on January 1, 1950, the members of United, and no other employees, are entitled to do the work of Zephyr Coach Porters. It is next alleged that notwithstanding the terms of said agreement, the Brotherhood, another labor organization, has filed a claim with the NRAB asking that tribunal to determine that certain members of the Brotherhood are entitled to

do all the work of Zephyr Coach Porters, and that the effect of said claim, if successful, would be to injure members of United by taking away their work. It is also alleged that no notice of any hearings or proceedings before the NRAB was given by the NRAB to plaintiffs, or to any officer, representative, or other person connected with United, and that United has asked the NRAB that it have an opportunity to be heard during said proceedings, but that the NRAB failed and refused to grant such an opportunity. Finally, it is alleged that the NRAB is about to adjudicate the matter submitted by the Brotherhood. Plaintiffs seek a permanent injunction, restraining each of the defendants from giving force or effect to the claim submitted by the Brotherhood to the NRAB, and directing the NRAB to declare the claim and the proceedings thereunder of no force and effect. Plaintiffs also seek costs, attorney's fees, and compensation for damages sustained as a result of the allegedly unlawful acts set forth in their complaint.

Three answers have been filed: one on behalf of Burlington and the three "carrier members" of the Fourth Division of the NRAB, one on behalf of the Brotherhood, and one on behalf of the three "labor members" of the Fourth Division. Neither Burlington nor the carrier members have interposed jurisdictional defenses, and each has agreed that the complaint states a claim upon which proper injunctive relief could be granted. The labor members and the Brotherhood do interpose jurisdictional defenses, and deny material allegations of the complaint. In addition, they contend that the complaint fails to state a claim upon which any relief could be granted.

At the hearing, after oral argument on the jurisdictional issue, the parties introduced evidence in support of their respective positions. On the basis of that evidence, the court now enters the following:

### Findings of Fact

1. United is the bargaining agent of a certain class of Burlington employees. The Brotherhood is the bargaining agent of another class of Burlington employees.

2. United claims that the class of employees it represents are entitled to do all the work of Zephyr Coach Porters on Burlington trains 25 and 26. This claim is based upon the terms of an agreement entered into between United and Burlington on January 1, 1950. (Pl. Ex. 1).

3. The Brotherhood claims that the class of employees it represents are entitled to do all the work of Zephyr Coach Porters on Burlington trains 25 and 26. This claim is based upon the terms of an agreement entered into between the Brotherhood and Burlington on April 12, 1941. (Def. Ex. 2.)

4. The Brotherhood has submitted a claim to the Fourth Division of the NRAB. This claim has been docketed as Number 926. The Brotherhood therein asks that the NRAB find that members of the Brotherhood are entitled to do all the work of Zephyr Coach Porters on Burlington trains 25 and 26.

5. United has asked the NRAB that it be given notice of the pendency of the Brotherhood's claim, and an opportunity to be heard during the proceedings which will be conducted on said claim, pursuant to the provisions of Section 3, First (j) of the Railway Labor Act, 45 U.S.C.A. § 153, First (j). Three carrier members of the Fourth Division agreed that such notice should be given to United; three labor members decided that such notice should not be given. The matter was then referred to a referee, as provided in the Railway Labor Act, who decided that notice should not be given.

6. On September 1, 1953, the Fourth Division of the NRAB made an award in Docket Number 926. The award is numbered 921, and provides that Section 3, First (j) of the Railway Labor Act does not require that notice of the pendency of the Brotherhood's claim be given to the class of Burlington employees represented by United.

7. The opinion of the NRAB which accompanies Award Number 921 states that the conclusion reached in said

award is based upon the reasons stated in an NRAB opinion in Fourth Division Award Number 918 (Docket Number 871) (Def. Ex. 1). The opinion which accompanies Award Number 918 states (in part):

"In summary, we are of the opinion that, in general, employes of the respondent carrier who possibly may be displaced or whose employment status, involving work being performed at time the claim is filed, may possibly be adversely affected as a result of an award by the Board, are employes 'involved' and thus are entitled to due notice of hearing and the right to participate therein. Contrariwise, we think that employes of a carrier other than respondent, and 'other' employes of respondent who have not been performing the work in dispute, are not employes 'involved' ".

8. The NRAB has not yet conducted a hearing on the Brotherhood's claim. The parties in this cause have agreed that unless notice is given to United as provided in Section 3, First (j) of the Railway Labor Act, United will be unable to argue its position before or present evidence to the NRAB.

### Conclusions of Law
### Jurisdiction

■ The court is well aware of the minimal area within which it may exercise its general equity power to affect railway labor disputes. Congress has decided that such disputes are best resolved at the conference tables and before administrative tribunals, not in the district courts; and the Supreme Court has often warned that "Courts should not rush in where Congress has not chosen to tread." General Committee of Adjustment of Brotherhood of Locomotive Engineers for Missouri-K.-T. R. R. v. Missouri K. T. R. Co., 320 U.S. 323, 337, 64 S.Ct. 146, 153, 88 L.Ed. 76. That is not to say, however, that an aggrieved trainman or carrier is without rights which may be enforced by the district courts. Once a complainant initi-

ates the administrative process before a competent arbitrator or mediator, he and his named opponent and any other person affected by the process are entitled to all the procedural safeguards embodied in the Railway Labor Act. In many instances, however, Congress has not described the manner in which aggrieved trainmen or carriers might enforce rights granted by the Act; it must then be presumed that Congress intended to confer jurisdiction upon the district courts. The Supreme Court has defined this implied grant of jurisdiction in this manner:

"If the absence of jurisdiction of the federal courts meant a sacrifice or obliteration of a right which Congress had created, the inference would be strong that Congress intended the statutory provisions governing the general jurisdiction of those courts to control. That was the purport of the decisions of this Court in Texas & New Orleans R. Co. v. Brotherhood of Clerks, 281 U. S. 548, 50 S.Ct. 427, 74 L.Ed. 1034, and Virginia R. Co. v. System Federation, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789. In those cases it was apparent that but for the general jurisdiction of the federal courts there would be no remedy to enforce the statutory commands which Congress had written into the Railway Labor Act. The result would have been that the 'right' of collective bargaining was unsupported by any legal sanction. That would have robbed the Act of its vitality and thwarted its purpose." Switchmen's Union of North America v. National Mediation Board, 1943, 320 U.S. 297, 300, 64 S.Ct. 95, 97, 88 L.Ed. 61.

■ In the instant case, United contends that its members are employees "involved" in the dispute submitted to the NRAB by the Brotherhood, within the meaning of Section 3, First (j) of the Railway Labor Act, 45 U.S.C.A. § 153, First (j). If the members of United are in fact involved in the dispute,

they are entitled to notice of all hearings: in this respect, the language of the Act is clear and unambiguous. Congress has commanded in express terms that the several divisions of the NRAB "shall give due notice of all hearings to the employee or employees * * * involved in any disputes submitted to them"; but Congress has not expressly defined a remedy for employees involved in a dispute who have not been given notice. If a district court lacked jurisdiction to order that notice be given, the "right" to notice conferred by Section 3 would become mere verbiage, a right without a remedy. Congress could not have intended that result. The court therefore concludes that if the members of United are involved in the dispute submitted by the Brotherhood, an injunction commanding the NRAB to give due notice to United may be issued. Texas & New Orleans R. Co. v. Brotherhood of Clerks, supra; Virginian R. Co. v. System Federation, supra; cf., Missouri-Kansas-Texas R. Co. v. Brotherhood of Clerks, 7 Cir., 1951, 188 F.2d 302.

## Merits of the Claim

■ An employee is "involved" in a dispute within the meaning of Section 3 of the Railway Labor Act if he will or could be adversely affected by an adjudication of the dispute. Hunter v. Atchison T. & S. F. Ry. Co., 7 Cir., 1951, 188 F.2d 294. Indeed, if the term were not so defined, grave constitutional questions would be presented, for trainmen might be deprived of property—e. g., the right to do a particular kind of work—as the result of hearings in which they did not participate.

■ All defendants in this suit concede, as they must, that if the members of United were doing the work claimed by the Brotherhood, United would be involved in the dispute and entitled to notice of the Brotherhood's claim. United goes one step further: it urges that it may be adversely affected by, and therefore involved in the dispute between Burlington and the Brotherhood even if its members are not now performing the

work claimed by the Brotherhood, because United claims its members are entitled to that work under the terms of an agreement between it and Burlington. In other words, United contends that a contract to perform work may constitute the same kind of property interest as the performance of the work itself, and that a trainman who is party to the contract is adversely affected by and "involved" in a dispute which threatens to impair rights granted by the contract. The court agrees. The court concludes as a matter of law that United is involved in the dispute submitted by the Brotherhood and is therefore entitled to due notice under the terms of Section 3 of the Railway Labor Act.

■■ Before this case is ended, the court wishes to comment briefly upon several matters raised during oral argument. *First*, the court wishes to make clear that it has not construed any collective bargaining agreement—that is the function of the NRAB. Order of Railway Conductors of America v. Pitney, 1946, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318. The court merely notes that an agreement does exist between United and Burlington, that United claims that the agreement entitles it to the work in dispute, and that this claim, in itself, entitles United to notice and hearing before the NRAB.

■ *Second.* This court has in the past declined to grant injunctive relief which might interfere with the procedural affairs of the NRAB. For example, in the case of Brotherhood of Railroad Trainmen v. Swan, No. 51 C 1089, this court refused to order the members of the First Division of the NRAB to reopen certain dockets, since the NRAB had previously decided that the complainants should instead file new claims. I was and still am of the opinion that the question of whether old dockets should be reopened or new claims filed is a procedural issue which should, as a matter of sound policy, be determined by the NRAB. I therefore examined the issue in the instant case quite carefully to determine whether

these plaintiffs complain of similar procedural matters which are within the province of the NRAB; and, after careful consideration, I am convinced that the issues in the two cases are not at all similar. The Brotherhood of Railroad Trainmen, in the earlier case, asked the court to compel the NRAB to govern its dockets in a particular way. United, in the case at bar, asks the court to compel the NRAB to accord it notice and hearing, as required by statute. The Brotherhood of Railroad Trainmen could cite no rule of the NRAB, no statutory provision which entitled it to have the dockets reopened. United points to the clear terms of Section 3, First (j) of the Railway Labor Act. Clearly, then, this case involves something more than a mere procedural issue.

*Third.* Neither law nor policy forbid the NRAB from construing two collective bargaining agreements during one proceeding. Order of Railway Conductors v. Pitney, supra; Missouri-Kansas-Texas R. Co. v. Brotherhood of Clerks, supra, 188 F.2d at page 305. Where, as here, two competing labor groups each claim a right to do the same work, the claims may and should be resolved at the same time. ʻThe construction of overlapping or inconsistent agreements is often a difficult task, but it is the type of task assigned by statute to the NRAB.

*Fourth.* The court does not intend to enjoin the Brotherhood or the members of the NRAB from proceeding to hear the Brotherhood's claim as prayed in the complaint. However, the defendants will be enjoined from proceeding with the Brotherhood's claim unless and until due notice is given United as required by statute. Nor does the court intend to award damages or attorney's fees to United; no basis for such an award has been found by the court or suggested by counsel.

### Decree

It is therefore hereby adjudged, ordered, and decreed that United is involved in a dispute submitted by the Brotherhood to the Fourth Division of the NRAB, which dispute has been assigned Docket Number 926, and that United is therefore entitled to due notice of said dispute, as provided in Section 3, First (j) of the Railway Labor Act. Accordingly, R. A. Walton, W. J. Ryan, V. W. Smith, Leo B. Fee, Howard K. Hagerman, and Paul C. Carter, members of the Fourth Division, and R. B. Parkhurst, Secretary, are hereby enjoined from proceeding to hear said dispute unless and until due notice is given United as provided in Section 3, First (j) of the Railway Labor Act.