**SEABOARD AIR LINE RAILROAD COMPANY**

v.

**W. H. CASTLE, R. M. Butler, C. P. Dugan, J. E. Kemp, J. R. Mullen, C. R. Barnes, A. Covington, G. Ordndorff, J. H. Sylvester, and J. W. Whitehouse, as members of and constituting the Third Division of the National Railroad Adjustment Board; A. Ivan Tummon, Executive Secretary of said Division of said Board; Livingston Smith, Referee with said Division of said Board; H. N. Sylvester and G. B. Goble representing the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees; the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees; J. P. Tahney, J. Nuter and W. T. Landergan, representing the American Railway Supervisors Association; The American Railway Supervisors Association; T. E. Losey and Walter A. Giblin, representing the Brotherhood of Railway Carmen of America; the Brotherhood of Railway Carmen of America; Michael Fox, representing Railway Employees Department, AFL–CIO; and Railway Employees Department, AFL–CIO.**

No. 57 C 1448.

United States District Court
N. D. Illinois, E. D.

Jan. 28, 1958.

328

Sidley, Austin, Burgess & Smith, Chicago, Ill., for plaintiff.

C. A. Conway, Chicago, Ill., for carrier members individually and as carrier members of Board.

R. Tieken, U. S. Atty., Chicago, Ill., for 3rd Division, NRAB.

Martin, Craig, Chester & Sonnenschein, Chicago, Ill., for labor members individually and as Board members and for Brotherhoods and their representatives.

LA BUY, District Judge.

Plaintiff, Seaboard Air Line Railroad Company, a Virginia corporation, owning and operating lines through the states of Virginia, North Carolina, South Carolina, Georgia, Florida, and Alabama, has filed an action to restrain the enforcement of a Third Division NRAB award 7816, and to declare such award null and void for failure to give notice and opportunity to be heard to certain employees involved in the dispute as required by 45 U.S.C.A. § 153, First, (j).

Defendants are members of the Third Division, NRAB; the Referee and Executive Secretary of the Third Division; the Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employees and its representatives; The American Railway Supervisors Association and its representatives; the Brotherhood of Railway Carmen and its representatives; and the Railway Employees Department, AFL–CIO and its representatives.

Briefly, the dispute upon which the award was made stems from a claim filed by the clerks that the task of filling out repair cards on plaintiff's cars and cars of other railroads at facilities operated by the plaintiff for the making of repairs belonged to them. Said work is being performed by foremen and supervisors represented by the defendant, American Railway Supervisors Association, or by carmen and car inspectors represented by the defendant, Brotherhood of Railway Carmen and Railway Employees Department, AFL–CIO. These defendant unions and their representatives have not attempted to intervene during the course of the Third Division proceedings.

The carrier and the carrier members of the Third Division requested that notice be given to the mechanical employee in order that opportunity be given to them to be heard. Such notice and opportunity were not extended to them. The Third Division, the carrier members dissenting, sustained the claim of the clerk's to the disputed work.

The plaintiff states that it has been presented with a demand that it enforce the award granting such work to the clerks and that it is also faced with demands from the representatives of the incumbent employees performing said work that they be continued in work.

■ The United States Attorney, on behalf of the members of the Third Division, NRAB, has filed a motion to dismiss the carrier's action for the reason that it is prematurely brought and that the plaintiff has not exhausted its administrative remedies. The court is of the opinion that this action is not premature and may properly be brought before enforcement proceedings are commenced. Nord v. Griffin, 7 Cir., 1936, 86 F.2d 481, certiorari denied 300 U.S. 673, 57 S.Ct. 612, 81 L.Ed. 879; Hunter v. Atchison, T. & S. F. Ry. Co., 7 Cir., 1948, 171 F.2d 594, certiorari denied Shepherd v. Hunter, 337 U.S. 916, 69 S. Ct. 1157, 93 L.Ed. 1726; Missouri-Kansas-Texas R. Co. v. Brotherhood Railway & Steamship Clerks, 7 Cir., 1951, 188 F.2d 302; Allain v. Tummon, 7 Cir., 1954, 212 F.2d 32.

The defendant labor members of the Third Division, individually, and as members of the NRAB, and the other defendants, including the other unions, have filed a motion to dismiss the complaint for the reason (1) the court lacks jurisdiction of the subject matter of the complaint, and (2) the complaint fails to state a claim upon which relief can be granted. The carrier members of the Third Division and the carrier rely on the statutory language of § 153, First (j), 45 U.S.C.A., that the several divisions of the Adjustment Board.

"shall give due notice of all hearings to the employee or employees and the carrier or carriers involved in any dispute submitted to them."

■ It is the basic contention of all the defendants, except the carrier members of the Third Division, that the carmen, foremen and supervisors are not persons to whom notice should be given of the clerks' submission of a dispute to the Third Division for the reason (1) they are not the same craft or class of service as the clerks and any claims they might have to perform the work in dispute must arise out of their own and different collective bargaining agreements and out of customs and usages in their own respective crafts or classes; (2) any of their claims would be immaterial to the issue whether the clerks had a right to perform such work by their own collective agreement since the NRAB has no jurisdiction to recon-

cile or remake contracts, customs or usages in case of overlapping or conflicting assignments of work; (3) the Third Division does not have jurisdiction to determine the rights of carmen, foremen and supervisor employees to the disputed work since disputes involving these crafts are expressly given by statute to the Second Division so far as carmen are concerned and to the Fourth Division so far as foreman and supervisors are concerned and since each division is independent of the other [45 U.S.C.A. § 153, First (h)] formal notice to them could serve no conceivable purpose; and (4) such notice is not required for the reason there exists no dispute with the carmen, foreman and supervisors mature enough to be adjudicated.

Great reliance is placed by defendants on language used by the Supreme Court of the United States in Whitehouse v. Illinois Central R. Co., 1955, 349 U.S. 366, 75 S.Ct. 845, 99 L.Ed. 1155, and it is contended that it casts grave doubt upon the Seventh Circuit interpretation of the notice requirement. Since no definitive ruling was made by the Supreme Court based on such language, this court adheres to the Seventh Circuit interpretation of the notice section of the Act.

In addition, although the Seventh Circuit has consistently held that actual though not formal notice with opportunity to be heard is required to third persons whose interests may be adversely affected, it is stressed that an important distinction exists in the instant case in that each Division is "forbidden" by statute from asserting jurisdiction over employees in crafts and classes not included within their jurisdiction. It is contended that no Division has the right or jurisdiction to resolve any matters submitted by employees of a class or craft over which another Division is vested with jurisdiction.

Do the separate jurisdictions of the four Divisions of the NRAB render the requirement of notice of all hearings

to the "employee or employees and the carrier or carriers involved in any dispute" meaningless unless such right to notice be construed to operate only between the divisional crafts or classes? The statutory section setting up the divisions of the NRAB nowhere in the grant of jurisdiction expressly or by implication confines exercise of division jurisdiction to disputes only to the classes or crafts set forth. The word used is "involving" which is not a term of exclusion. Where overlapping of work occurs either through contract or custom or usage, such overlap may involve classes or crafts and employees in separate divisions of the NRAB. The statute does not deprive any of these divisions of jurisdiction because other classes or crafts are concerned. There are cases which have upheld the right of employees who belong to no class or craft represented in the Divisions to notice by the Division which is considering the disputed work on the claim of right of a class or craft within its divisional bounds. See Hunter v. Atchison, T. & S. F. Ry. Co., supra. Furthermore, the requirement of notice states *"employees"* involved and does not limit that category by any reference to divisional crafts or classes. This Circuit has held in the Hunter cases, and see 188 F.2d 294, that an employee is involved in a dispute within the meaning of Section 3 of the Railway Labor Act if he will or could be adversely affected by an adjudication of the dispute. The court is of the opinion the statutory language used to define the jurisdiction of the divisions by crafts or classes or employees cannot be held by implication to exclude other crafts or classes where a dispute of their own craft or class will necessarily affect another class or craft whose rights should also be considered. See Townsend v. National R. R. Adjustment Bd., D.C.Ill. 1954, 117 F.Supp. 654.

The court is of the opinion the motions to dismiss should be overruled and an order in accord therewith has this day been entered.